1  Jeffrey A. Dickstein
   E-mail: jdlaw47@yahoo.com
2  3263 S Erie Ave
   Tulsa OK 74135
3  Telephone: (918) 271-3374
   Facsimile: None
4

5  Jeffrey A. Dickstein, Plaintiff
   appearing Pro Se
6

7

8                UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN FRANCISCO DIVISION

10 JEFFREY A. DICKSTEIN,                  ) CASE NO. 12-4676
                                          )
11                    Plaintiff,          ) COMPLAINT FOR PROSPECTIVE
                                          ) INJUNCTIVE AND
12                                        ) DECLARATORY RELIEF
   v.                                     )
13                                        )
   STATE BAR OF CALIFORNIA, a public      )
14 corporation, THE BOARD OF TRUSTEES OF  )
   THE STATE BAR OF CALIFORNIA, THE       )
15 STATE BAR COURT OF THE STATE BAR OF    ) E-filing
   CALIFORNIA, and THE OFFICE OF THE CHIEF)
16 TRIAL COUNSEL OF THE STATE BAR OF      )
   CALIFORNIA, collectively; Joann M. Remke,)
17 in her individual and official capacity; Judith A.)
   Epstein,; Catherine D. Purcell, in her individual )
18 and official capacity; Lucy Armendariz, in her )
   individual and official capacity; Patrice E.    )
19 McElroy, in her individual and official capacity;)
   Richard A. Honn, in his individual and official )
20 capacity; Richard A. Platel, in his individual and)
   official capacity; Donald F. Miles, in his individual)
21 and official capacity; Jayne Kim, in her individual)
   and official capacity; Joseph R. Carlucci, in his )
22 individual and official capacity; Charles A. Murray;)
   in his individual and official capacity; William )
23 Todd, in his individual and official capacity; THE)
   CALIFORNIA SUPREME COURT; Tani Gorre )
24 Cantil-Sakauye, in her individual and official   )
   capacity; Joyce L. Kennard, in her individual and)
25 official capacity; Marvin R. Baxter, in his      )
   individual and official capacity; Kathryn M.     )
26 Werdegar, in her individual and official capacity;)
   Ming W. Chin, in his individual and official    )
27 capacity; Carol A. Corrigan, in her individual and)
   official capacity; and Goodwin Liu, in his      )
28 individual and official capacity;               )
                         Defendants.              )
   _____ )

                            1                          COMPLAINT

1    Comes now Plaintiff Jeffrey A. Dickstein (hereinafter referred to as "Dickstein") who, for
2    causes of action against the herein above named defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 2201, and 42 U.S.C. § 1983.

2. Venue is properly set in this Court pursuant to 28 U.S.C. §1391(b).

### PARTIES

3. Dickstein is an individual person resident in the State of Oklahoma. Dickstein has not been resident of the State of California since approximately 1981.

4. Defendant, State Bar of California (hereinafter referred to as "State Bar"), is a public corporation with principal office located at 180 Howard St, San Francisco, CA 94105 within the above said judicial district. The State Bar is the administrative arm of the California Supreme Court regarding the discipline and membership of attorneys who are admitted and licensed to practice law in California. Defendant State Bar also bills and collects membership fees and disciplinary fees.

5. Defendant Board of Trustees of the State Bar of California (hereinafter referred to as "Board of Trustees") governs Defendant State Bar. The main office of the Board of Trustees is located at 180 Howard St, San Francisco, CA 94105. Defendant Board of Trustees create the Rules (hereinafter referred to as "State Bar Rule") that govern Defendant State Bar, including the rules of procedure that govern proceedings in Defendant State Bar Court.

6. Defendant State Bar Court of the State Bar of California (hereinafter referred to as "State Bar Court" is an administrative court established by the Board of Trustees to act in its place and stead in the determination of disciplinary proceedings. The main office of the State Bar Court is located at 180 Howard St, San Francisco, CA 94105.

7. Defendants Joann M. Remke, Judith A. Epstein and Catherine D. Purcell are the three judges comprising the Review Department of the State Bar Court (hereinafter referred to as "Review Department"), are residents of the State of California, and are sued herein in their individual and official capacities.

8. Defendants Lucy Armendariz and Patrice E. McElroy are the two judges comprising the Hearing Department of the State Bar Court (hereinafter referred to as "Hearing Department") in San Francisco, California, are residents of the State of California, and are sued herein in their individual and official capacities.

9. Defendants Richard A. Honn, Richard A. Platel and Donald F. Miles are the three judges comprising the Hearing Department of the State Bar Court in Los Angeles, California, are residents of the State of California, and are sued herein in their individual and official capacities.

10. Defendant the Office of the Chief Trial Counsel of the State Bar of California (hereinafter referred to as "OCTC") is an office created by delegation of Defendant Board of Trustees. The main office of the OCTC is located at 180 Howard St, San Francisco, CA 94105.

11. Defendants Jayne Kim, Chief Trial Counsel, Joseph R. Carlucci, Deputy Chief Trial Counsel, Charles A. Murray, Acting Assistant Chief Trial Counsel, and William Todd, Deputy Trial Counsel are all agents and/or employees of Defendant State Bar, are residents of the State of California, and are sued herein in their individual and official capacities.

12. Defendant California Supreme Court is an entity created by the Constitution of the State of California, with principal place of business located at 350 McAllister Street, San Francisco, CA 94102-4797. The California Supreme Court has final authority over the admission and discipline of attorneys admitted and licensed to practice in California.

13. Defendants Tani Gorre Cantil-Sakauye, Joyce L. Kennard, Marvin R. Baxter, Kathryn M. Werdegar, Ming W. Chin, Carol A. Corrigan and Goodwin Liu are judges of the California Supreme Court, are residents of the State of California, and are sued herein in their individual and official capacities.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. Defendant California Supreme Court asserts The State Bar Act, Cal. Bus. & Prof. Code §§ 6000 *et seq.* did not delegate to the State Bar, the Legislature, the Executive Branch, or any other entity its inherent judicial authority over the admission and discipline of attorneys.

15. On December 22, 1976, a Clerk of Defendant California Supreme Court sent Dickstein a document stating he was admitted as an attorney and counselor at law, has taken an

3　　COMPLAINT

1  oath as required by law, and is licensed as such attorney and counselor to practice in all the
2  Courts of the State.

3      16.    Article 6, Section 9 of the California Constitution provides that "The State Bar of
4  California is a public corporation. Every person admitted and licensed to practice law in this
5  State is and shall be a member of the State Bar except while holding office as a judge of a court
6  of record."

7      17.    Cal. Bus. & Prof. Code § 6067 provides that " Every person on his admission
8  shall take an oath to support the Constitution of the United States and the Constitution of the
9  State of California, and faithfully to discharge the duties of any attorney at law to the best of his
10 knowledge and ability. A certificate of the oath shall be indorsed upon his license."

11     18.    At no time has Dickstein ever received a document denominated as a "license"
12 that has a "certificate of [his] oath indorsed upon" it.

13     19.    Dickstein did not have the funds to pay State Bar membership fees for the year
14 2011.

15     20.    During a four month period prior to January 22, 2011, Dickstein requested from
16 Defendant State Bar the form to voluntary resign from the State Bar, which form was only
17 available by requesting it from Defendant State Bar.

18     21.    When after four months Dickstein did not receive the form, he sent a certified
19 letter of resignation to the State Bar notifying Defendant State Bar that his resignation was
20 effective immediately.

21     22.    Dickstein received a "Final Delinquent Notice" regarding nonpayment of
22 membership fees, dated March 9, 2011.

23     23.    On May 5, 2011, Dickstein received a final reminder e-mail stating Defendant
24 State Bar had not received Dickstein's membership fees.

25     24.    On May 17, 2011, Dickstein responded by e-mail stating that he had resigned and
26 asking Defendant State Bar to adjust its membership records accordingly.

27     25.    On or about May 26, 2011, Dickstein received from Defendant California
28 Supreme Court an order of suspension for nonpayment of membership fees.

26. On or about June 3, 2011, Dickstein received from Defendant State Bar a Notice of Entry of Order for Suspension for Nonpayment of Fees. That letter stated Dickstein would be subject to continually accruing penalties and/or costs.

27. On June 24, 2011, and under duress of being charged accruing penalties and/or costs, and because Defendant State Bar and Defendant California Supreme Court refused to acknowledged Dickstein's resignation, filed an Application for Transfer to Inactive Membership Status and a 2011 Fee Waiver Application Form.

28. Dickstein's under duress Application for Transfer to Inactive Membership Status and Fee Waiver Application was accepted, and Dickstein was placed on inactive membership status.

29. Throughout the course of communication with Defendant State Bar, Dickstein asserted his being compelled to be a member of Defendant State Bar, and being forced to pay membership fees, non-payment of which subjected him to additionally accruing penalties and/or costs, violated his United States Constitution First Amendment right of freedom of association, citing to *Gitlow v. New York*, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925); *Roberts v. United States Jaycees*, 468 U. S. 609, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984); *Boy Scouts of America, et al. v. Dale*, 530 U.S. 640, 647-48, 120 S.Ct. 2446, 147 L.Ed.2d 554(2000); and *Keller v. State Bar of California*, 496 U.S. 1, 4-5, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990).

30. Despite having been advised of their violation of the First Amendment to the United States Constitution, Defendants, and each of them, relying upon State Bar Rules 2.37 (regarding voluntary resignation) and 5.420 (regarding resignation with charges pending), based upon Cal. Rules of Court (which are promulgated by Defendant California Supreme Court) 9.21(b), continue to assert: 1) Dickstein is a member of Defendant State Bar; 2) Dickstein has no Federal Constitution First Amendment Right not to be a member of the Defendant State Bar; 3) Dickstein continues to be subject to the jurisdiction of Defendants, and each of them; 4) Dickstein can be compelled to pay Defendant State Bar membership fees even if he does not have the funds to do so, no longer practices law in any jurisdiction, State or Federal; 5) Dickstein is subject to accruing penalties and costs if he does not pay membership fees for each year such

membership fees are billed to members of Defendant State Bar; and 6) Dickstein can be forced to pay costs of disciplinary proceedings even though he has resigned and there is no need for disciplinary proceedings "to ensure that the public, the courts, and the profession are protected against unsuitable legal practitioners" the reason stated by Defendant California Supreme Court as the purpose of State Bar disciplinary proceedings.

31. Disciplinary costs, including costs to resign with charges pending are penalties under Cal. Bus. & Prof. Code §§ 6086.10 and 6086.13 and State Bar Rule 5.129. Said statutes and rule authorize Defendant State Bar to receive thousands of dollars from a member of the State Bar if it prevails, but only allows the member to receive a few dollars if the member prevails.

32. During the course of providing representation to Claudia and Mark Hirmer in the criminal case of *United States v. Hirmer, et al.*, Case No. 3:08-cr-00079-MCR (U.S.Dist.Ct., N.D. Fla), Dickstein was required by Local Rule to continue to provide representation even if he was not paid legal fees.

33. Dickstein went broke representing the Hirmers through completion of the trial.

34. After the trial, but before sentencing, Dickstein filed a motion to be relieved as counsel on the grounds, among others, that he could no longer afford to practice law, having to give up his apartment, telephone and internet service, did not have the money to continue to represent the Hirmers, including paying for a trial transcript, flying to Florida to attend sentencing; and paying the appellate filing fee and costs of preparing a brief, all of which Dickstein was required to pay under the Northern District of Florida's local rule.

35. When that motion was denied and the Court sua sponte appointed Dickstein under the CJA, Dickstein filed a motion for reconsideration, raising issues that arose subsequent to the filing of his motion to be relieved as counsel, including, but not by way of limitation, a conflict of interest.

36. As a direct and proximate result of filing said documents, Dickstein was charged in *In re Dickstein*, Case no. 3:10-mc-00063-MCR (U.S.Dist.Ct., N.D. Fla) with committing a misdemeanor criminal contempt under the provisions of 18 U.S.C. § 401(3).

37. On November 24, 2010, Dickstein was found guilty of said misdemeanor criminal contempt and was sentenced to serve 90 days in custody, said sentence to be stayed pending appeal.

38. On August 9, 2011, the Eleventh Circuit Court of Appeals upheld Dickstein's misdemeanor criminal contempt conviction.

39. Dickstein was incarcerated in the Santa Rosa County Jail, Santa Rosa, Florida between November 28, 2011 and February 24, 2012.

40. During Dickstein's incarceration, Defendant State Bar charged Dickstein membership fees for the year 2012, which fees were paid by Dickstein's son in order to avoid accruing penalties and/or costs, as Dickstein had no access to telephone, letters, or legal ability to contest being charged said fees due to his incarceration in a Florida County Jail.

41. On or about April 21, 2011, Defendant OCTC filed with Defendant State Bar Court in *In the Matter of the Conviction of Jeffrey Alan Dickstein, No. 70638, A Member of the State Bar,* Case No. 10-C-7932 (hereinafter referred to as "*In re Dicktein*") a "Transmittal of Records of Conviction of Attorney (Bus. & Prof. Code §§ 6101-6102; Cal. Rules of Court, rule 9.5 et seq.)".

42. On June 1, 2011, Defendant State Bar Court, Review Department, operating "In Bank," issued its order acknowledging Dickstein's misdemeanor criminal contempt conviction, but took no action at that time.

43. On or about December 8, 2011, Defendant OCTC filed with Defendant State Bar Court in *In re Dickstein*, a "Supplemental Transmittal of Records of Conviction of Attorney (Bus. & Prof. Code §§ 6101-6102; Cal. Rules of Court, rule 9.5 et seq.)".

44. On January 17, 2012, Defendant State Bar Court, Review Department, operating "In Bank," issued its order as follows:

> This case is referred to the hearing department under the authority of California Rules of Court, rule 9.10(a), for a hearing and decision recommending the discipline to be imposed in the event that the hearing department finds that the facts and circumstances surrounding the misdemeanor violation of 18 United States Code section 401(3) (criminal contempt), of which Jeffrey Alan Dickstein was convicted, involved moral turpitude **or other misconduct warranting discipline.** [Emphasis added.]

45. On January 27, 2012, Defendant State Bar Court, Hearing Department, issued and caused to be served on Dickstein a "Notice of Hearing on Conviction (Bus. & Prof. Code, §§ 6101, 6102)" to which was attached Defendant State Bar Court Review Department's order of January 17, 2012. Said proceedings have continued from said date to the present.

46. Proceedings under Cal. Bus. & Prof. Code §§ 6101-6102 are known as "Conviction Proceedings."

47. Section 6101(a) provides that an attorney convicted of a felony or a misdemeanor involving moral turpitude can be disbarred or suspended.

48. Section 6101(b) commands California district attorneys, city attorneys, or other prosecuting agencies to notify the Office of the State Bar of California of the pendency of an action against an attorney charging a felony or misdemeanor immediately upon obtaining information that the defendant is an attorney.

49. Section 6101(c) commands any California clerk of a court in which an attorney is convicted of a crime to, within 48 hours after the conviction, transmit a certified copy of the record of conviction to the Office of the State Bar. Thereafter, the Office of the State Bar is commanded to, within 5 days, examine the record of conviction to determine if the conviction involves, or may involve moral turpitude, and if so, to transmit within five days the record of conviction to the Supreme Court with such other records and information as may be appropriate to establish the Supreme Court's jurisdiction. If a clerk of court fails to perform its duty, or the conviction, as in this case, was had outside of California, the State Bar of California has discretion to procure and transmit the record of conviction to the Supreme Court.

50. Section 6101(d) commands that proceedings to disbar or suspend an attorney on account of such a conviction shall be undertaken by the Supreme Court pursuant to the procedures provided Section 6101 and Section 6102 upon the receipt of a certified copy of the record of conviction.

51. Section 6102(a) requires the Supreme Court, upon the receipt of the certified copy of the record of conviction, to review it to see if it appears therefrom that the crime of which the attorney was convicted involved, or that there is probable cause to believe that it involved, moral

turpitude or was a felony. If the Supreme Court so concludes, it is commanded to suspend the attorney until the time for appeal has elapsed, if no appeal has been taken, or until the judgment of conviction has been affirmed on appeal, or has otherwise become final, and until the further order of the court.

52. Section 6102(b) defines what is and is not a felony under the laws of California with respect to proceedings under the authority of Sections 6101 and 6102. Section 6102(d) defines what is and is not a felony under the laws of a jurisdiction other than California.

53. Section 6102(c) identifies the procedure to be followed after a conviction of a crime that involves, or may involve moral turpitude, or is a felony, becomes final. The Supreme Court is commanded to summarily disbar the attorney if: 1) the offense is a felony and an element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement; or 2) involved moral turpitude.

54. Section 6102(e) describes the procedure to be followed if the Supreme Court determines the felony conviction did not contain an element of specific intent to deceive, defraud, steal, or make or suborn a false statement or involved moral turpitude. The attorney must be given a hearing after adequate notice and opportunity to be heard. If the Supreme Court determines after the hearing that the crime of which the attorney was convicted, or the circumstances of its commission, involved moral turpitude, the Supreme Court is commanded to enter an order disbarring the attorney or suspending him or her from practice for a limited time. If the Supreme Court does not determine the crime, or the circumstances of its commission involved moral turpitude, the Supreme Court is commanded to dismiss the proceedings.

55. Section 6102(f) gives the Supreme Court the discretion to refer the proceedings or any part thereof or issue therein, including the nature or extent of discipline, to the State Bar for hearing, report, and recommendation.

56. Section 6102(h) commands the Supreme Court to prescribe rules for the practice and procedure in proceedings conducted pursuant to Sections 6101 and 6102.

57. Section 6102(i) provides that no other provision providing a procedure for the disbarment or suspension of an attorney is applicable to a conviction proceeding unless expressly

made applicable.

58. Defendant California Supreme Court has promulgated Court Rules. Title 9 of those rules, consisting of Rules 9.1 - 9.61, pertain to Law Practice, Attorneys, and Judges. The only one of those Rules pertaining to Section 6101 and 6102 conviction proceedings is Rule 9.10(a) which states:

> The State Bar Court exercises statutory powers under Business and Professions Code sections 6101 and 6102 with respect to the discipline of attorneys convicted of crimes. (See Bus. & Prof. Code section 6087.) For purposes of this rule, a judgment of conviction is deemed final when the availability of appeal has been exhausted and the time for filing a petition for certiorari in the United States Supreme Court on direct review of the judgment of conviction has elapsed and no petition has been filed, or if filed the petition has been denied or the judgment of conviction has been affirmed. The State Bar Court must impose or recommend discipline in conviction matters as in other disciplinary proceedings. The power conferred upon the State Bar Court by this rule includes the power to place attorneys on interim suspension under subdivisions (a) and (b) of section 6102, and the power to vacate, delay the effective date of, and temporarily stay the effect of such orders.

59. Rule 9.10(a) explicitly confers jurisdiction to Defendant State Bar Court to exercise the statutory powers set forth in Bus. & Prof. Code Sections 6101 and 6102, citing to Bus. & Prof. Code section 6087. Section 6087 gives Defendant California Supreme Court discretion to delegate to the State Bar the requirement of Section 6102(h) to prescribe rules for the practice and procedure in proceedings conducted pursuant to Sections 6101 and 6102.

60. Cal. Bus. & Prof. Code Section 6086 gives Defendant Board of Trustees the discretion to provide by rule the mode of procedure in all cases of complaints against members. Section 6086.5 commands the Board of Trustees to establish a State Bar Court, to act in its place and stead in the determination of disciplinary and reinstatement proceedings and proceedings pursuant to subdivisions (b) and (c) of Section 6007 to the extent provided by rules adopted by the Board of Trustees. Section 6086.5 contains a delegation of authority to the State Bar Court to exercise the powers and authority vested in the Board of Trustees. Furthermore, for the purposes of Sections 6007, 6043, 6049, 6049.2, 6050, 6051, 6052, 6077 (excluding the first sentence), 6078, 6080, 6081, and 6082, "board" includes the State Bar Court. Finally, under Section 6086.5, the State Bar Court is precluded from adopting rules of professional conduct or rules of procedure, but the Executive Committee of the State Bar Court may adopt rules of practice for

1  the conduct of all proceedings within its jurisdiction, which rules may not conflict with the rules
2  of procedure adopted by the board, unless approved by the Supreme Court.

3       61.      Cal. Bus. & Prof. Code § 6086.7 (a)(1) commands a court to notify the State Bar of a final order of contempt imposed against an attorney that may involve grounds warranting discipline under Chapter 4 of the Business and Professions Code, consisting of sections 6000-6238. Paragraph (c) of Section 6086.7 commands Defendant State Bar to investigate any matter reported under this section as to the appropriateness of initiating disciplinary action against the attorney.

       62.      Said State Bar investigation is delegated, by State Bar Rule 2101, from Defendant State Bar to Defendant OCTC, the delegation consisting of "exclusive jurisdiction to review inquiries and complaints, conduct investigations and determine whether to file notices of disciplinary charges in the State Bar Court."

       63.      Defendant Board of Trustee's State Bar Rules pertaining to Defendant OCTC investigations are State Bar Rules 2401 through 2410.

       64.      Rule 2401 limits the purpose of investigations to the issue of whether there is reasonable cause to believe that a member of the State Bar has violated a provision of the State Bar Act or the Rules of Professional Conduct and if there is sufficient evidence to support the allegations of misconduct.

       65.      Rule 2409 requires Defendant OCTC, prior to filing a Notice of Disciplinary Charges, to notify the member in writing of the allegations forming the basis for the complaint or investigation.

       66.      The State Bar Rules promulgated by Defendant Board of Trustees regarding "Conviction Proceedings" are set forth in Title 5 (Discipline), Division 6 (Special Proceedings) Chapter 2 (Conviction Proceedings) of the State Bar Rules of Procedure, Rules 5.340 - 5.346.

       67.      State Bar Rule 5.340 states:

**Rule 5.340 Nature of Proceedings**
These rules apply to proceedings that result from a member's criminal conviction and are held under Business and Professions Code §§ 6101 and 6102, California Rules of Court, rule 9.10, and these Rules of Procedure of the State Bar.

11                        COMPLAINT

68. State Bar Rule 5.341 provides that conviction proceedings are initiated in the Review Department of the State Bar Court when the Office of the Chief Trial Counsel files a certified copy of the record of conviction.

69. State Bar Rule 5.342 pertains to interim suspension. Paragraph A requires the Review Department to examine the record of conviction and gives it the discretion to interimly suspend the member until a further order of the Review Department or until final disposition of the conviction proceeding, but only if any ground for suspension set forth in Business and Professions Code § 6102(a) is present. Paragraph B authorizes either party to, within 10 days after the initial record of conviction is filed, to file a brief addressing whether grounds for interim suspension under § 6102(a) are present. Paragraph C pertains to misdemeanor convictions. It provides that in cases involving misdemeanor convictions, the Review Department, on its own or on motion of any party, may direct the Hearing Department to conduct a hearing for the sole purpose of resolving factual issues as to whether there is probable cause to believe that the conviction involved moral turpitude, and if found, to make a recommendation whether interim suspension should be imposed. Paragraph D provides for motions filed in the Review Department to vacate, delay the effective date of, or temporarily stay the effect of an order of interim suspension.

70. State Bar Rule 5.343 pertains to summary disbarment. The rule authorizes Defendant OCTC to file a motion for the member's summary disbarment under Business and Professions Code § 6102(c).

71. State Bar Rule 5.344 pertains to Final Convictions not subject to summary disbarment. It directs the Review Department to refer the case to the Hearing Department to hear the case and decide the issues in the order of referral.

72. State Bar Rule 5.345 pertains to the proceedings in the Hearing Department. Paragraph A requires the Clerk to file and serve under State Bar Rule 5.25 a notice of hearing on conviction. Paragraph B pertains to the filing by the member of a response. Paragraph C pertains to what happens if the member does not file a response. Paragraph D defines what documents constitute the State Bar Record.

73.   State Bar Rule 5.346 provides that all rules of procedure apply except rules that by their terms apply only to other specific proceedings and do not apply in conviction proceedings, and Rules 5.80-5.86 (default) apply as modified by these conviction proceedings rules.

74.   No conviction proceedings under Bus. & Prof. Code §§ 6101-6102 have been filed in Defendant California Supreme Court, and to date, Defendant California Supreme Court has issued no orders regarding Dickstein's misdemeanor criminal contempt conviction.

75.   No proceedings regarding interim suspension under State Bar Rule 5.342 took place. Defendant State Bar Court Review Department did not interimly suspend Dickstein (State Bar Rule 5.342(A)); Defendant OCTC did not file a brief addressing whether grounds for interim suspension under § 6102(a) are present (Rule 5.342(B)), nor did Defendant State Bar Court Review Department make a referral to the Hearing Department on the sole issue of whether Dickstein's conviction involved moral turpitude (Rule 5.342(C)).

76.   Defendant OCTC did not file a motion for Dickstein's summary disbarment under Bus. & Prof. Code § 6102(c) (Rule 5.343).

77.   Defendant OCTC did not commence an investigation under Bus. & Prof. Code § Section 6086.7 to determine the appropriateness of initiating disciplinary action against Dickstein based upon his final conviction of contempt.

78.   Defendant OCTC did not provide Dickstein with a Rule 2409 notice.

79.   Defendant OCTC did not file a notice of disciplinary action.

80.   Pleadings that have been filed on behalf of Defendant OCTC in the Bus. & Prof. Code §§ 6101-6102 conviction proceeding currently pending against Dickstein list Defendants Jayne Kim, Joseph R. Carlucci, Charles A. Murray and William Todd as counsel for Defendant OCTC.

81.   Dickstein's conviction being a criminal misdemeanor, the sole issue before Defendant State Bar Court is whether the conviction, or the circumstances surrounding the conviction, involved moral turpitude.

82.   In the absence of a finding of "moral turpitude" in either the conviction itself or the circumstances surrounding the conviction, the conviction proceedings must, as a matter of

law, be dismissed pursuant to Cal. Bus. & Prof. Code § 6102(e).

83. Required dismissal of the conviction proceedings precludes having a hearing on the issue of "other misconduct warranting discipline."

84. Defendant State Bar Court Review Department has no statutory nor delegated authority to make a referral to Defendant State Bar Court Hearing Department regarding "other misconduct warranting discipline." The referral of the Review Department, the proceedings on that portion of the referral in the hearing department, and prosecution of that referral by OCTC, being in the absence of jurisdiction, denies Dickstein both substantive and procedural due process in violation of Federal Constitution Fourteenth Amendment proscriptions.

85. Despite having been made aware of its lack of jurisdiction and violation of due process under the Fourteenth Amendment of the Federal Constitution regarding the "other misconduct warranting discipline" referral, Defendants Board of Trustees, State Bar Court, Joann M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy, Richard A. Honn, Richard A. Platel, Donald F. Miles, OCTC, Jayne Kim, Joseph R. Carlucci, Charles A. Murray, and William Todd all contend they have jurisdiction and that their process does not violate due process of law.

86. Cal. Bus. & Prof. Code § 6068, and State Bar Rules 5.100, 5.81(A) and 5.82 mandate not only that Dickstein appear in Defendant State Bar Court in Los Angeles for the trial of his conviction proceedings, but command that if he fails to appear, Defendant State Bar Court must enter his default, which default will result in Dickstein being deemed to have committed a crime involving moral turpitude or other misconduct warranting discipline, and Defendant State Bar Court must recommend Dickstein's disbarment.

87. Said Cal. Bus. & Prof. Code and State Bar Rules make no accommodation for member attorneys who live out of state and do not have the funds to travel or for lodging and meals while away from home.

88. Said Cal. Bus. & Prof. Code and State Bar Rules discriminate against indigent litigants and constitute a suspect classification that violates the Federal Constitution, Fourteenth Amendment.

89. Dickstein has notified Defendants State Bar Court and OCTC of his lack of funds to attend trial by filing an Affidavit of Financial Status.

### FIRST CAUSE OF ACTION

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

90. Dickstein realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 89 of this complaint.

91. In committing the acts complained of herein, i.e., refusing to allow Dickstein to voluntarily stop associating with Defendant State Bar, Defendants and each of them acted, and continue to act, under color of state law to deprive Dickstein of his U.S. Constitution, amend. I right of freedom of association, and its corollary right of freedom not to associate.

92. To the extent Defendants, and each or any of them, contend their conduct is authorized by state statute or state bar rule, said state statute or state bar rule violates U.S. Constitution, amend. 1.

93. The conduct of Defendant State Bar in charging Dickstein yearly membership fees, including subjecting him to accruing penalties and costs for their nonpayment, in collusion with Defendant California Supreme Court, have taken place in the past and will continue to take place each year in the future, in that said conduct constitutes the official custom and policy of Defendants. Accordingly, there is a genuine threat that in the immediate future Dickstein will be sent a membership fee statement requiring him to pay membership fees, thereby continuing to violate Dickstein's rights secured under U.S. Constitution, amend. I.

94. Defendants, and each of them, have been notified of the unconstitutionality of their conduct, and therefore their conduct in refusing to recognize Dickstein's right to associate, and his corollary right, freedom not to associate, is knowing, intentional and wilful.

95. The violation of Dickstein's federal civil rights will continue unless and until Defendants, and each of them, are enjoined by this Court.

### SECOND CAUSE OF ACTION

### Declaratory Relief Pursuant to Title 28 U.S.C. §2201

96. Dickstein realleges and incorporates herein by reference the allegations set forth in

...
...

paragraphs1 through 95 of this complaint.

97. An actual controversy has arisen and now exists between Dickstein and Defendants concerning their respective rights and duties.

98. Dickstein contends so long as he no longer practices law under the authority of his State issued license, having retired from the practice of law, and no longer holds himself out as authorized to practice law in any court of the State of California, or elsewhere, and having surrendered his license to practice law, and having notified Defendants of the surrender of his license to practice law, he is by definition no longer a member of Defendant State Bar, and therefore Defendants, and each of them, are violating his rights under U.S. Constitution, amend. I by refusing to accept Dickstein's surrender of his license, by continuing to charge him membership fees, and continuing to exercise jurisdiction over him as a member of Defendant State Bar.

99. Defendants, and each of them, contend that they can force Dickstein to be a member of Defendant State Bar, to pay membership fees and be subject to their jurisdiction for as long as Defendant Supreme Court, in its sole authority, dictates.

100. Dickstein desires a judicial determination and a declaration as to his U.S. Constitution, amend. I right not to associate and not to be a compelled member of Defendant State Bar, and under the continuing jurisdiction of Defendants.

101. A judicial declaration is necessary and appropriate at this time under the circumstances because Defendants, and each of them, are engaged in a continuing course of conduct designed to coerce and extort money from Dickstein in the guise of membership fees, penalties and costs, and disciplinary fees in the form of penalties, all under asserted color of state law and the exercise of jurisdiction Defendants no longer possess with respect to Dickstein.

### THIRD CAUSE OF ACTION

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

102. Dickstein realleges and incorporates herein by reference the allegations set forth in paragraphs1 through 89 of this complaint.

103. In committing the acts complained of herein, i.e., asserting jurisdiction over

Dickstein regarding "other misconduct warranting discipline" in a "Conviction "Proceeding" under Cal. Bus. & Prof. Code §§ 6101 and 6102, and Rule of Court 9.10(a), Defendants State Bar, Board of Trustees, State Bar Court, OCTC, including the agents and employees of said entities, are each acting outside of their statutory and delegated jurisdictional authority, and therefore are violating Dickstein's rights to equal protection of the law and due process of law under U.S. Constitution, amend. XIV.

104. Defendants, and each of them, have been notified of the unconstitutionality of their conduct, and therefore their conduct in refusing to recognize Dickstein's rights to due process and equal protection under U.S. Constitution, amend XIV is knowing, intentional and wilful.

105. The acts of said Defendants, and each of them, in asserting jurisdiction in a conviction proceeding of "other misconduct warranting discipline" is ongoing in the case of *In re Dickstein*, so there is a genuine threat that said defendants will continue to act without jurisdiction, and will continue to violate Dickstein's civil rights unless enjoined by this Court.

## FOURTH CAUSE OF ACTION

### Declaratory Relief Pursuant to Title 28 U.S.C. §2201

106. Dickstein realleges and incorporates herein by reference the allegations set forth in paragraphs102 through 105 of this complaint.

107. An actual controversy has arisen and now exists between Dickstein and Defendants concerning the jurisdiction of Defendants State Bar, Board of Trustees, State Bar Court, and OCTC, including the agents and employees of said entities to proceed in a Conviction Proceeding authorized under Cal. Bus. & Prof. Code §§ 6101-6102 and Court Rule 9.10(a) to inquire into whether Dickstein engaged in "other misconduct warranting discipline."

108. Dickstein contends that, having been convicted of a misdemeanor criminal contempt, the only authority/jurisdiction of the named Defendants under applicable statutes and delegated authority is to enquire if the crime, or circumstances surrounding the crime, involved moral turpitude, and if not, the conviction proceedings against him must be dismissed pursuant to Cal. Bus. & Prof. Code § 6102(e).

109. Defendants, and each of them, contend that even if the misdemeanor crime, or circumstances surrounding the crime, of which Dickstein was convicted did not involve moral turpitude, they can ignore the mandatory requirements of Bus. & Prof. Code § 6102(e) to dismiss, and may proceed to determine if Dickstein engaged in some non-specified "other misconduct warranting discipline" without the necessity of first conducting an investigation by the OCTC, notifying Dickstein of the investigation and giving him an opportunity to respond, and filing a separate disciplinary proceeding which identifies the state statute or rule allegedly violated by Dickstein, all of which is required under the California statutes and State Bar Rules identified herein above.

110. Dickstein desires a judicial determination and a declaration as to his U.S. Constitution, amend. XIV right not to stand trial in the absence of jurisdictional authority and therefore in violation of his rights to equal protection and due process of law under said U.S. Constitution, amend. XIV.

111. A judicial declaration is necessary and appropriate at this time under the circumstances because Defendants, and each of them, are currently engaged in a continuing State Bar Court proceeding designed to coerce and extort money from Dickstein in the guise of disciplinary fees in the form of penalties, under the color of state law, and in the absence of statutory or delegated jurisdictional authority.

## FIFTH CAUSE OF ACTION

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

112. Dickstein realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 89 of this complaint.

113. In promulgating and enforcing State Bar Rules that deny Dickstein access to the State Bar Court to defend himself based solely upon his indigent status, Defendants, and each of them, are violating Dickstein's rights to equal protection of the law and due process of law under U.S. Constitution, amend. XIV.

114. Defendants, and each of them, have been notified of Dickstein's indigent status, but nonetheless contend that if he does not personally appear at a trial fourteen hundred miles

from his residence, applicable statutes and rules require he be held in default and subject to summary disbarment and the imposition of disciplinary costs in the form of penalties.

115. The acts of said Defendants, and each of them, in denying Dickstein access to the State Bar Court based on his indigency is ongoing in the case of *In re Dickstein*, trial being currently set to commence on October 30, 2012, and there is a genuine threat said conduct will continue unless enjoined by this Court.

## SIXTH CAUSE OF ACTION

### Declaratory Relief Pursuant to Title 28 U.S.C. §2201

116. Dickstein realleges and incorporates herein by reference the allegations set forth in paragraphs 112 through 115 of this complaint.

117. An actual controversy has arisen and now exists between Dickstein and Defendants concerning the federal constitutionality of the statutes and state bar rules requiring Dickstein to be held in default and subject to summary disbarment and imposition of disciplinary costs in the form of penalties based solely upon Dickstein's indigency.

118. Dickstein contends that having established his indigency by uncontested affidavit, he can not be denied access to the State Bar Court to defend charges against him because he lacks funds to travel from Oklahoma to Los Angeles, California, and to pay for lodging and food while away from his home, and the statutes and Defendant State Bar Rules to the contrary discriminate against him, and others similarly situated, based on the suspect classification of financial indigency.

119. Defendants, and each of them, contend said statutes and State Bar Rules are not discriminatory, do not violate Dickstein's rights to due process and equal protection under U.S. Constitution, amend. XIV.

120. Dickstein desires a judicial determination and a declaration as to his U.S. Constitution, amend. XIV right to access to the State Bar Court to defend the allegations against him in an ongoing State Bar Court conviction proceeding.

121. A judicial declaration is necessary and appropriate at this time under the circumstances because Defendants, and each of them, are currently engaged in an ongoing State

Bar Court proceeding with trial scheduled to commence on October 30, 2012.

WHEREFORE, Dickstein moves this Court for a judicial declaration that the defendants, and each of them, are violating Dickstein's rights under U.S. Constitution, amends. I and XIV, and for prospective injunctive relief prohibiting Defendants, and each of them, from violating Dickstein's rights under U.S. Constitution, amends. I and XIV, and for such other and further relief as is proper under the circumstances, including the granting of his costs and attorney's fees as a private attorney general as authorized under California Code of Civil Procedure § 1021.5 or other applicable law.

Dated: August 22, 2012.

Jeffrey A. Dickstein
Plaintiff pro se.