1  Jeffrey A. Dickstein
   E-mail: jdlaw47@yahoo.com
2  3263 S Erie Ave
   Tulsa OK 74135
3  Telephone: (918) 271-3374
   Facsimile: None

**FILED**

OCT 1 5 2012

4

5  Jeffrey A. Dickstein, Plaintiff
   appearing Pro Se

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6

7

8              **UNITED STATES DISTRICT COURT**
          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                  **SAN FRANCISCO DIVISION**

10  JEFFREY A. DICKSTEIN,          )    CASE NO. 12-CV-4676 EDL
                                   )
11              Plaintiff,         )    PLAINTIFF'S EX PARTE MOTION FOR
                                   )    TEMPORARY RESTRAINING ORDER AND
12  v.                             )    ORDER TO SHOW CAUSE RE PRELIMINARY
                                   )    INJUNCTION
13  STATE BAR OF CALIFORNIA,       )
    et al.                         )    Date: October 16, 2002
14                                 )    Time: 9:00 a.m.
                Defendants.        )    Courtroom E - 15th Floor
15  _____)        Magistrate Judge Elizabeth D. Laporte

16          Comes now Plaintiff Jeffrey A. Dickstein (hereinafter referred to as "Dickstein") who

17  pursuant to Federal Rule of Civil Procedure 65 and Local Rules 65-1 and 7-10, move this Court

18  for a Temporary Restraining Order and Order to Show Cause re Preliminary injunction enjoining

19  Defendant State Bar Court of the State Bar of California, its employees and agents, from

20  proceeding with the trial now scheduled to commence on October 30, 2012 at 1:30 p.m. in the

21  case of *In the Matter of Jeffrey Alan Dickstein*, Case No. 10-C-7932-PEM until further order of

22  this Court. This Motion is based upon the Complaint for Prospective Injunctive and Declaratory

23  Relief (hereinafter "Complaint") filed in this matter and attached hereto as Exhibit A, the

24  separate Memorandum of Points and Authorities filed concurrently herewith, the Declaration of

25  Jeffrey A. Dickstein filed concurrently herewith, and the proposed Temporary Restraining Order

26  and Order to Show Cause re Preliminary Injunction filed concurrently herewith. In support of

27  said Motion, Dickstein makes the following showing:

28          1.      Dickstein is an individual person resident in the State of Oklahoma. Dickstein has

                                            1

1  not been resident of the State of California since approximately 1981.

2      2.      Defendant State Bar Court of the State Bar of California (hereinafter referred to as

3  "State Bar Court") is an administrative court established by Defendant the Board of Trustees of

4  the State Bar of California to act in its place and stead in the determination of disciplinary

5  proceedings.

6      3.      On November 24, 2010, Dickstein was found guilty of a misdemeanor criminal

7  contempt under the provisions of 18 U.S.C. § 401(3) in the case of *In re Dickstein*, Case No.

8  3:10-mc-00063-MCR (U.S.Dist.Ct., N.D. Fla).

9      4.      On January 17, 2012, Defendant State Bar Court, Review Department, operating

10 "In Bank," issued its order as follows:

> This case is referred to the hearing department under the authority of California
> Rules of Court, rule 9.10(a), for a hearing and decision recommending the
> discipline to be imposed in the event that the hearing department finds that the
> facts and circumstances surrounding the misdemeanor violation of 18 United
> States Code section 401(3) (criminal contempt), of which Jeffrey Alan Dickstein
> was convicted, involved moral turpitude **or other misconduct warranting
> discipline.** [Emphasis added.]

15     5.      On January 27, 2012, Defendant State Bar Court, Hearing Department, issued and

16 caused to be served on Dickstein a "Notice of Hearing on Conviction (Bus. & Prof. Code, §§

17 6101, 6102)" to which was attached Defendant State Bar Court Review Department's order of

18 January 17, 2012. Said proceedings have continued from said date to the present.

19     6.      Proceedings under Cal. Bus. & Prof. Code §§ 6101-6102 are known as

20 "Conviction Proceedings."

21     7.      Original jurisdiction in "Conviction Proceedings under Cal. Bus. & Prof. Code §§

22 6101-6102 was with Defendant California Supreme Court.

23     8.      Cal. Bus. & Prof. Code § 6102(e) directs Defendant California Supreme Court to

24 dismiss misdemeanor conviction proceedings if the crime itself, or the circumstances of its

25 commission, did not involve moral turpitude.

26     9.      Cal. Bus. & Prof. Code § 6102(f) gave Defendant California Supreme Court the

27 discretion to refer the "Conviction Proceedings" or any part thereof to the State Bar for hearing,

28 report, and recommendation.

2

1    10.    Cal. Bus. & Prof. Code § 6102(I) provided that no other provision providing a
2  procedure for the disbarment or suspension of an attorney was authorized in a "Conviction
3  Proceeding" unless expressly made applicable.

4    11.    Defendant California Supreme Court, contending it has "inherent jurisdiction"
5  regarding the discipline of attorneys, and therefore is not required to follow the mandates of Cal.
6  Bus. & Prof. Code §§ 6101 and 6102, made referrals to Defendant State Bar Court in
7  "Conviction Proceedings" for hearing and decision recommending the discipline to be imposed
8  in the event the State Bar Court found that the facts and circumstances surrounding the attorney's
9  crime for which he was convicted involved moral turpitude or "other misconduct warranting
10  discipline."

11    12.    On or about January, 2007, Defendant California Supreme Court delegated to
12  Defendant State Bar Court its "statutory powers" under Business and Professions Code Sections
13  6101-6102 when it promulgated California Rules of Court, Rule 9.10(a). From this point of time,
14  Defendant State Bar Court, rather than Defendant California Supreme Court, exercised original
15  jurisdiction in "Conviction Proceedings."

16    13.    Defendant The Office of the Chief Trial Counsel of the State Bar of California
17  (hereinafter "OCTC") admitted in "The State Bar's Pretrial Statement" filed in connection with
18  the Pretrial Conference held on August 8, 2012, that "Respondent's conviction does not involve
19  moral turpitude." *See* The State Bar's Pretrial Statement and Exhibit List, p. 1, line 28 - p. 2, line
20  1, Exhibit B attached hereto.

21    14.    Despite only being delegated "statutory authority" in "Conviction Proceedings,"
22  Defendant State Bar Court contends it has the same "inherent authority" of Defendant California
23  Supreme Court, contends it has the authority to investigate the issue of "other misconduct
24  warranting discipline" and contends it is not required to comply with the provisions of Cal. Bus.
25  & Prof. Code § 6102(e). See Order Denying Memorandum Seeking Dismissal for Want of
26  Jurisdiction, filed August 28, 2012, a copy of which is attached hereto as Exhibit C.

27    15.    Despite Dickstein's efforts to require Defendant State Bar Court to follow the
28  mandates of Cal. Bus. & Prof. Code §§ 6101-6102, Defendant State Bar Court, in excess of its

3

Case No. 12-CV-4676 EDL                    Plaintiff's Ex Parte Motion for TRO

1 delegated statutory authority, intends to proceed to trial on the issue of "other misconduct
2 warranting discipline. See Status Conference Order Filed May 30, 2012, Exhibit D attached
3 hereto.

4 16. The combination of Cal. Bus. & Prof. Code § 6068 and California State Bar Rules
5 of Procedure (hereinafter "State Bar Rule(s)") 5.81, 5.82, 5.83 and 5.100 mandate that Dickstein
6 appear at the trial on his "Conviction Proceeding" and further mandate that if Dickstein does not
7 appear, his default will be entered, the facts alleged in the notice of disciplinary charges will be
8 deemed admitted, Defendant State Bar Court must recommend Dickstein be disbarred, Dickstein
9 will be prohibited from participating further in the proceeding, will not receive any further
10 notices or pleadings, and his default can only be set aside because of mistake, inadvertence,
11 surprise or excusable neglect.

12 17. On July 19, 2012, Dickstein filed in Defendant State Bar Court his motion
13 alleging the operation of the above statute and rules' automatic finding of culpability and
14 punishment by disbarment, based solely upon his inability to attend the trial due to his financial
15 condition, deprived him of due process of law. Dickstein attached to said motion his Affidavit of
16 Financial Status.

17 18. Despite notice of Dickstein's financial condition, and knowledge that Dickstein
18 was not a resident of the State of California, the OCTC served Dickstein, by mail, rather than
19 personally, a "Trial Subpoena" to attend the trial on the "Conviction Proceeding," in violation of
20 Cal. Code of Civil Procedure §§ 1987 and 1989, and State Bar Rule 5.62. On August 3, 2012,
21 Dickstein filed in Defendant State Bar Court his Motion to Quash Trial Subpoena. A copy of said
22 Motion is attached hereto as Exhibit E. At no time did the OCTC pay, or offer to pay, witness
23 fees.

24 19. On August 8, 2012, Defendant State Bar Court acknowledged Dickstein's "only
25 source of income is social security and therefore, he is unable to afford the cost of appearing at
26 trial" and quashed the "Trial Subpoena." See Minute Order filed August 9, 2012, Exhibit F
27 attached hereto.

28 20. Thereafter, on August 10, 2012, and having been fully advised of the requirements

4

of Cal. Code of Civil Procedure §§ 1987 and 1989, and State Bar Rule 5.62, the OCTC mailed to Dickstein a "Notice in Lieu of Subpoena." On August 20, 2012, Dickstein filed in Defendant State Bar Court his Motion to Quash Notice in Lieu of Subpoena." A copy of said Motion is attached hereto as Exhibit G. At no time did the OCTC pay, or offer to pay, witness fees despite Dickstein's demand for such payment.

21. On August 28, 2012, Defendant State Bar Court issued its Order Denying Motion to Quash Notice in Lieu of Subpoena, stating in part: "Respondent's purported financial inability to travel to California for trial does not negate his professional obligation as a member of the State Bar of California to appear at trial or override the State Bar's right to question respondent in person. Nor does respondent's purported financial inability to travel to California preclude the court from entering his default if he fails to appear at trial." See Order Denying Motion to Quash Notice in Lieu of Subpoena, p. 2, Exhibit H attached hereto.

22. On September 14, 2012, Dickstein filed in Defendant State Bar Court his Motion to Abate Pending Federal Case Resolution, which Motion was denied on September 24, 2012. Said Order again stated "Respondent or his counsel must appear at trial on this matter or the court will enter respondent's default for failing to appear at trial." A copy of said order is attached hereto as Exhibit I.

23. As is more fully set forth in the Memorandum of Points and Authorities filed concurrently herewith, the conduct of Defendants, and each of them, in asserting jurisdiction over Dickstein regarding "other misconduct warranting discipline" in a "Conviction "Proceeding" under Cal. Bus. & Prof. Code §§ 6101 and 6102, and California Rule of Court 9.10(a), is a violation of Dickstein's rights to equal protection of the law and due process of law under U.S. Constitution, amend. XIV.

24. As is more fully set forth in the Memorandum of Points and Authorities filed concurrently herewith, in promulgating and enforcing State Bar Rules that deny Dickstein access to the State Bar Court to defend himself based solely upon his indigent status, Defendants, and each of them, are violating Dickstein's rights to equal protection of the law and due process of law under U.S. Constitution, amend. XIV.

5

25. The violation of Dickstein's rights to equal protection and due process of law under U.S. Constitution, amend. XIV are ongoing, and unless restrained by Order of this Court, Dickstein's constitutional rights will be violated on or about October 30, 2012 when Defendant State Bar Court finds him in default, and recommends his disbarment for engaging in "other misconduct warranting discipline" in violation of, and in excess of, the State Bar Court's statutory and delegated authority.

26. Unless restrained by Order of this Court, the entry of said default will constitute irreparable harm in that Dickstein will be precluded from seeking any further relief, either before Defendant State Bar Court or on review in Defendant California Supreme Court, in that Dickstein will have no grounds to set aside the default on the basis of mistake, inadvertence, surprise or excusable neglect.

27. In that Defendant State Bar Court is clearly exceeding its statutory and delegated authority, and the application of Cal. Bus. & Prof. Code § 6068 State Bar Rules 5.81, 5.82, 5.83 and 5.100 unconstitutionally discriminate against indigent litigants, Dickstein is extremely likely to succeed on the merits on his Complaint for prospective injunctive and declaratory relief.

28. The balance of equities is in Dickstein's favor in that he will be irreparably harmed while Defendant's, and each of them, suffer no consequence whatsoever from awaiting this Court's decision on the merits of his Complaint for prospective injunctive and declaratory relief. According to Exhibit B attached hereto, all of the evidence Defendant OCTC intends to offer at the trial are documents already in its possession, and the only witness Defendant OCTC intends to call is Dickstein.

29. Issuance of the requested injunction is in the Public's best interest. All Defendants are either governmental entities and/or employees. Defendants' willful and abject refusal to follow statutory mandates and to operate within the confines of their statutory and delegated jurisdiction is tyranny. Congress enacted the Civil Rights Act expressly to enjoin state actors, including state judges, from violating the provisions of the Fourteenth Amendment to the United States Constitution.

30. None of the Defendants will suffer any financial damage from the issuance of the

6

1  requested temporary restraining order or preliminary injunction, and therefore no security bond is
2  necessary.

3      31.    On October 12, 2012, Dickstein served Defendant State Bar Court, by overnight
4  mail, with a copy of this Motion, the separate Memorandum of Points and Authorities filed
5  concurrently herewith, the Declaration of Jeffrey A. Dickstein filed concurrently herewith, and
6  the Proposed Temporary Restraining Order and Order to Show Cause re Preliminary Injunction
7  submitted concurrently herewith.

8      WHEREFORE Dickstein moves the Court for the issuance of a Temporary Restraining
9  Order and Order to Show Cause re Preliminary injunction enjoining Defendant State Bar Court
10  of the State Bar of California, its employees and agents, from proceeding with the trial now
11  scheduled to commence on October 30, 2012 at 1:30 p.m. in the case of *In the Matter of Jeffrey*
12  *Alan Dickstein*, Case No. 10-C-7932-PEM until further order of this Court.

13      Dated: October 12, 2012.

16  Jeffrey A. Dickstein
    Plaintiff pro se

18  ## CERTIFICATE OF SERVICE

19      I hereby certify that on October 12, 2012, at Tulsa, Oklahoma, I served Defendant State
20  Bar Court by United States Post Office overnight mail,  addressed as follows:

21  State Bar Court
    180 Howard Street, 6th Floor
22  San Francisco, CA 94105-1639

24  Jeffrey A. Dickstein

Case No. 12-CV-4676 EDL                    Plaintiff's Ex Parte Motion for TRO



1  Jeffrey A. Dickstein
   E-mail: jdlaw47@yahoo.com
2  3263 S Erie Ave
   Tulsa OK 74135
3  Telephone: (918) 271-3374
   Facsimile: None
4

5  Jeffrey A. Dickstein, Plaintiff
   appearing Pro Se
6

7

8              UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                SAN FRANCISCO DIVISION

10 JEFFREY A. DICKSTEIN,                    )   CASE 12         4676
                                           )
11                        Plaintiff,        )   COMPLAINT FOR PROSPECTIVE
                                           )   INJUNCTIVE AND
12                                          )   DECLARATORY RELIEF
                                           )
13 v.                                       )
                                           )   EDL
   STATE BAR OF CALIFORNIA, a public        )
14 corporation, THE BOARD OF TRUSTEES OF    )
   THE STATE BAR OF CALIFORNIA, THE         )
15 STATE BAR COURT OF THE STATE BAR OF      )   E-filing
   CALIFORNIA, and THE OFFICE OF THE CHIEF  )
16 TRIAL COUNSEL OF THE STATE BAR OF        )
   CALIFORNIA, collectively; Joann M. Remke,)
17 in her individual and official capacity; Judith A. )
   Epstein,; Catherine D. Purcell, in her individual )
18 and official capacity; Lucy Armendariz, in her )
   individual and official capacity; Patrice E.  )
19 McElroy, in her individual and official capacity; )
   Richard A. Honn, in his individual and official )
20 capacity; Richard A. Platel, in his individual and )
   official capacity; Donald F. Miles, in his individual )
21 and official capacity; Jayne Kim, in her individual )
   and official capacity;  Joseph R. Carlucci, in his )
22 individual and official capacity; Charles A. Murray; )
   in his individual and official capacity; William )
23 Todd, in his individual and official capacity; THE )
   CALIFORNIA SUPREME COURT; Tani Gorre )
24 Cantil-Sakauye, in her individual and official )
   capacity; Joyce L. Kennard, in her individual and )
25 official capacity; Marvin R. Baxter, in his )
   individual and official capacity; Kathryn M. )
26 Werdegar, in her individual and official capacity; )
   Ming W. Chin, in his individual and official )
27 capacity; Carol A. Corrigan, in her individual and )
   official capacity; and Goodwin Liu, in his )
28 individual and official capacity;           )
                        Defendants.          )

                          1

                                          COMPLAINT

Exhibit A, Page 1

1  Comes now Plaintiff Jeffrey A. Dickstein (hereinafter referred to as "Dickstein") who, for

2  causes of action against the herein above named defendants, alleges as follows:

3  **JURISDICTION AND VENUE**

4  1.  This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331; 28

5  U.S.C. § 1343(a)(3), 28 U.S.C. § 2201, and 42 U.S.C. § 1983.

6  2.  Venue is properly set in this Court pursuant to 28 U.S.C. §1391(b).

7  **PARTIES**

8  3.  Dickstein is an individual person resident in the State of Oklahoma. Dickstein has

9  not been resident of the State of California since approximately 1981.

10  4.  Defendant, State Bar of California (hereinafter referred to as "State Bar"), is a

11  public corporation with principal office located at 180 Howard St, San Francisco, CA 94105

12  within the above said judicial district. The State Bar is the administrative arm of the California

13  Supreme Court regarding the discipline and membership of attorneys who are admitted and

14  licensed to practice law in California. Defendant State Bar also bills and collects membership

15  fees and disciplinary fees.

16  5.  Defendant Board of Trustees of the State Bar of California (hereinafter referred to

17  as "Board of Trustees") governs Defendant State Bar. The main office of the Board of Trustees is

18  located at 180 Howard St, San Francisco, CA 94105. Defendant Board of Trustees create the

19  Rules (hereinafter referred to as "State Bar Rule") that govern Defendant State Bar, including the

20  rules of procedure that govern proceedings in Defendant State Bar Court.

21  6.  Defendant State Bar Court of the State Bar of California (hereinafter referred to as

22  "State Bar Court"is an administrative court established by the Board of Trustees to act in its

23  place and stead in the determination of disciplinary proceedings. The main office of the State Bar

24  Court is located at 180 Howard St, San Francisco, CA 94105.

25  7.  Defendants Joann M. Remke, Judith A. Epstein and Catherine D. Purcell are the

26  three judges comprising the Review Department of the State Bar Court (hereinafter referred to as

27  "Review Department"), are residents of the State of California, and are sued herein in their

28  individual and official capacities.

2  COMPLAINT

1    8.    Defendants Lucy Armendariz and Patrice E. McElroy are the two judges

2  comprising the Hearing Department of the State Bar Court (hereinafter referred to as "Hearing

3  Department") in San Francisco, California, are residents of the State of California, and are sued

4  herein in their individual and official capacities.

5    9.    Defendants Richard A. Honn, Richard A. Platel and Donald F. Miles are the three

6  judges comprising the Hearing Department of the State Bar Court in Los Angeles, California, are

7  residents of the State of California, and are sued herein in their individual and official capacities.

8    10.    Defendant the Office of the Chief Trial Counsel of the State Bar of California

9  (hereinafter referred to as "OCTC") is an office created by delegation of Defendant Board of

10  Trustees. The main office of the OCTC is located at 180 Howard St, San Francisco, CA 94105.

11    11.    Defendants Jayne Kim, Chief Trial Counsel, Joseph R. Carlucci, Deputy Chief

12  Trial Counsel, Charles A. Murray, Acting Assistant Chief Trial Counsel, and William Todd,

13  Deputy Trial Counsel are all agents and/or employees of Defendant State Bar, are residents of the

14  State of California, and are sued herein in their individual and official capacities.

15    12.    Defendant California Supreme Court is an entity created by the Constitution of the

16  State of California, with principal place of business located at 350 McAllister Street, San

17  Francisco, CA 94102-4797. The California Supreme Court has final authority over the admission

18  and discipline of attorneys admitted and licensed to practice in California.

19    13.    Defendants Tani Gorre Cantil-Sakauye, Joyce L. Kennard, Marvin R. Baxter,

20  Kathryn M. Werdegar, Ming W. Chin, Carol A. Corrigan and Goodwin Liu are judges of the

21  California Supreme Court, are residents of the State of California, and are sued herein in their

22  individual and official capacities.

23                    **FACTS COMMON TO ALL CAUSES OF ACTION**

24    14.    Defendant California Supreme Court asserts The State Bar Act, Cal. Bus. & Prof.

25  Code §§ 6000 *et seq*. did not delegate to the State Bar, the Legislature, the Executive Branch, or

26  any other entity its inherent judicial authority over the admission and discipline of attorneys.

27    15.    On December 22, 1976, a Clerk of Defendant California Supreme Court sent

28  Dickstein a document stating he was admitted as an attorney and counselor at law, has taken an

                                    3                    COMPLAINT

**Exhibit A, Page 3**

1 | oath as required by law, and is licensed as such attorney and counselor to practice in all the

2 | Courts of the State.

3 | 16. Article 6, Section 9 of the California Constitution provides that "The State Bar of

4 | California is a public corporation. Every person admitted and licensed to practice law in this

5 | State is and shall be a member of the State Bar except while holding office as a judge of a court

6 | of record."

7 | 17. Cal. Bus. & Prof. Code § 6067 provides that " Every person on his admission

8 | shall take an oath to support the Constitution of the United States and the Constitution of the

9 | State of California, and faithfully to discharge the duties of any attorney at law to the best of his

10 | knowledge and ability. A certificate of the oath shall be indorsed upon his license."

11 | 18. At no time has Dickstein ever received a document denominated as a "license"

12 | that has a "certificate of [his] oath indorsed upon" it.

13 | 19. Dickstein did not have the funds to pay State Bar membership fees for the year

14 | 2011.

15 | 20. During a four month period prior to January 22, 2011, Dickstein requested from

16 | Defendant State Bar the form to voluntary resign from the State Bar, which form was only

17 | available by requesting it from Defendant State Bar.

18 | 21. When after four months Dickstein did not receive the form, he sent a certified

19 | letter of resignation to the State Bar notifying Defendant State Bar that his resignation was

20 | effective immediately.

21 | 22. Dickstein received a "Final Delinquent Notice" regarding nonpayment of

22 | membership fees, dated March 9, 2011.

23 | 23. On May 5, 2011, Dickstein received a final reminder e-mail stating Defendant

24 | State Bar had not received Dickstein's membership fees.

25 | 24. On May 17, 2011, Dickstein responded by e-mail stating that he had resigned and

26 | asking Defendant State Bar to adjust its membership records accordingly.

27 | 25. On or about May 26, 2011, Dickstein received from Defendant California

28 | Supreme Court an order of suspension for nonpayment of membership fees.

4 COMPLAINT

1      26.    On or about June 3, 2011, Dickstein received from Defendant State Bar a Notice

2  of Entry of Order for Suspension for Nonpayment of Fees. That letter stated Dickstein would be

3  subject to continually accruing penalties and/or costs.

4      27.    On June 24, 2011, and under duress of being charged accruing penalties and/or

5  costs, and because Defendant State Bar and Defendant California Supreme Court refused to

6  acknowledged Dickstein's resignation, filed an Application for Transfer to Inactive Membership

7  Status and a 2011 Fee Waiver Application Form.

8      28.    Dickstein's under duress Application for Transfer to Inactive Membership Status

9  and Fee Waiver Application was accepted, and Dickstein was placed on inactive membership

10  status.

11      29.    Throughout the course of communication with Defendant State Bar, Dickstein

12  asserted his being compelled to be a member of Defendant State Bar, and being forced to pay

13  membership fees, non-payment of which subjected him to additionally accruing penalties and/or

14  costs, violated his United States Constitution First Amendment right of freedom of association,

15  citing to *Gitlow v. New York*, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925); *Roberts v.*

16  *United States Jaycees*, 468 U. S. 609, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984); *Boy Scouts of*

17  *America, et al. v. Dale*, 530 U.S. 640, 647-48, 120 S.Ct. 2446, 147 L.Ed.2d 554(2000); and

18  *Keller v. State Bar of California*, 496 U.S. 1, 4-5, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990).

19      30.    Despite having been advised of their violation of the First Amendment to the

20  United States Constitution, Defendants, and each of them, relying upon State Bar Rules 2.37

21  (regarding voluntary resignation) and 5.420 (regarding resignation with charges pending), based

22  upon Cal. Rules of Court (which are promulgated by Defendant California Supreme Court)

23  9.21(b), continue to assert: 1) Dickstein is a member of Defendant State Bar; 2) Dickstein has no

24  Federal Constitution First Amendment Right not to be a member of the Defendant State Bar; 3)

25  Dickstein continues to be subject to the jurisdiction of Defendants, and each of them; 4)

26  Dickstein can be compelled to pay Defendant State Bar membership fees even if he does not

27  have the funds to do so, no longer practices law in any jurisdiction, State or Federal; 5) Dickstein

28  is subject to accruing penalties and costs if he does not pay membership fees for each year such

5    COMPLAINT

1 membership fees are billed to members of Defendant State Bar; and 6) Dickstein can be forced to
2 pay costs of disciplinary proceedings even though he has resigned and there is no need for
3 disciplinary proceedings "to ensure that the public, the courts, and the profession are protected
4 against unsuitable legal practitioners" the reason stated by Defendant California Supreme Court
5 as the purpose of State Bar disciplinary proceedings.

6   31.   Disciplinary costs, including costs to resign with charges pending are penalties
7 under Cal. Bus. & Prof. Code §§ 6086.10 and 6086.13 and State Bar Rule 5.129. Said statutes
8 and rule authorize Defendant State Bar to receive thousands of dollars from a member of the
9 State Bar if it prevails, but only allows the member to receive a few dollars if the member
10 prevails.

11   32.   During the course of providing representation to Claudia and Mark Hirmer in the
12 criminal case of *United States v. Hirmer, et al.*, Case No. 3:08-cr-00079-MCR (U.S.Dist.Ct.,
13 N.D. Fla), Dickstein was required by Local Rule to continue to provide representation even if he
14 was not paid legal fees.

15   33.   Dickstein went broke representing the Hirmers through completion of the trial.

16   34.   After the trial, but before sentencing, Dickstein filed a motion to be relieved as
17 counsel on the grounds, among others, that he could no longer afford to practice law, having to
18 give up his apartment, telephone and internet service, did not have the money to continue to
19 represent the Hirmers, including paying for a trial transcript, flying to Florida to attend
20 sentencing; and paying the appellate filing fee and costs of preparing a brief, all of which
21 Dickstein was required to pay under the Northern District of Florida's local rule.

22   35.   When that motion was denied and the Court sua sponte appointed Dickstein under
23 the CJA, Dickstein filed a motion for reconsideration, raising issues that arose subsequent to the
24 filing of his motion to be relieved as counsel, including, but not by way of limitation, a conflict
25 of interest.

26   36.   As a direct and proximate result of filing said documents, Dickstein was charged
27 in *In re Dickstein*, Case no. 3:10-mc-00063-MCR (U.S.Dist.Ct., N.D. Fla) with committing a
28 misdemeanor criminal contempt under the provisions of 18 U.S.C. § 401(3).

6                                                     COMPLAINT

1    37.    On November 24, 2010, Dickstein was found guilty of said misdemeanor criminal

2    contempt and was sentenced to serve 90 days in custody, said sentence to be stayed pending

3    appeal.

4    38.    On August 9, 2011, the Eleventh Circuit Court of Appeals upheld Dickstein's

5    misdemeanor criminal contempt conviction.

6    39.    Dickstein was incarcerated in the Santa Rosa County Jail, Santa Rosa, Florida

7    between November 28, 2011 and February 24, 2012.

8    40.    During Dickstein's incarceration, Defendant State Bar charged Dickstein

9    membership fees for the year 2012, which fees were paid by Dickstein's son in order to avoid

10   accruing penalties and/or costs, as Dickstein had no access to telephone, letters, or legal ability to

11   contest being charged said fees due to his incarceration in a Florida County Jail.

12   41.    On or about April 21, 2011, Defendant OCTC filed with Defendant State Bar

13   Court in *In the Matter of the Conviction of Jeffrey Alan Dickstein, No. 70638, A Member of the*

14   *State Bar,* Case No. 10-C-7932 (hereinafter referred to as "*In re Dicktein*") a "Transmittal of

15   Records of Conviction of Attorney (Bus. & Prof. Code §§ 6101-6102; Cal. Rules of Court, rule

16   9.5 et seq.)".

17   42.    On June 1, 2011, Defendant State Bar Court, Review Department, operating "In

18   Bank," issued its order acknowledging Dickstein's misdemeanor criminal contempt conviction,

19   but took no action at that time.

20   43.    On or about December 8, 2011, Defendant OCTC filed with Defendant State Bar

21   Court in *In re Dickstein*, a "Supplemental Transmittal of Records of Conviction of Attorney

22   (Bus. & Prof. Code §§ 6101-6102; Cal. Rules of Court, rule 9.5 et seq.)".

23   44.    On January 17, 2012, Defendant State Bar Court, Review Department, operating

24   "In Bank," issued its order as follows:

25       This case is referred to the hearing department under the authority of California
         Rules of Court, rule 9.10(a), for a hearing and decision recommending the
26       discipline to be imposed in the event that the hearing department finds that the
         facts and circumstances surrounding the misdemeanor violation of 18 United
27       States Code section 401(3) (criminal contempt), of which Jeffrey Alan Dickstein
         was convicted, involved moral turpitude **or other misconduct warranting**
28       **discipline.** [Emphasis added.]

7                                                    COMPLAINT

1    45.    On January 27, 2012, Defendant State Bar Court, Hearing Department, issued and

2  caused to be served on Dickstein a "Notice of Hearing on Conviction (Bus. & Prof. Code, §§

3  6101, 6102)" to which was attached Defendant State Bar Court Review Department's order of

4  January 17, 2012. Said proceedings have continued from said date to the present.

5    46.    Proceedings under Cal. Bus. & Prof. Code §§ 6101-6102 are known as

6  "Conviction Proceedings."

7    47.    Section 6101(a) provides that an attorney convicted of a felony or a misdemeanor

8  involving moral turpitude can be disbarred or suspended.

9    48.    Section 6101(b) commands California district attorneys, city attorneys, or other

10  prosecuting agencies to notify the Office of the State Bar of California of the pendency of an

11  action against an attorney charging a felony or misdemeanor immediately upon obtaining

12  information that the defendant is an attorney.

13    49.    Section 6101(c) commands any California clerk of a court in which an attorney is

14  convicted of a crime to, within 48 hours after the conviction, transmit a certified copy of the

15  record of conviction to the Office of the State Bar. Thereafter, the Office of the State Bar is

16  commanded to, within 5 days, examine the record of conviction to determine if the conviction

17  involves, or may involve moral turpitude, and if so, to transmit within five days the record of

18  conviction to the Supreme Court with such other records and information as may be appropriate

19  to establish the Supreme Court's jurisdiction. If a clerk of court fails to perform its duty, or the

20  conviction, as in this case, was had outside of California, the State Bar of California has

21  discretion to procure and transmit the record of conviction to the Supreme Court.

22    50.    Section 6101(d) commands that proceedings to disbar or suspend an attorney on

23  account of such a conviction shall be undertaken by the Supreme Court pursuant to the

24  procedures provided Section 6101 and Section 6102 upon the receipt of a certified copy of the

25  record of conviction.

26    51.    Section 6102(a) requires the Supreme Court, upon the receipt of the certified copy

27  of the record of conviction, to review it to see if it appears therefrom that the crime of which the

28  attorney was convicted involved, or that there is probable cause to believe that it involved, moral

1  turpitude or was a felony. If the Supreme Court so concludes, it is commanded to suspend the

2  attorney until the time for appeal has elapsed, if no appeal has been taken, or until the

3  judgment of conviction has been affirmed on appeal, or has otherwise become final, and until the

4  further order of the court.

5       52.    Section 6102(b) defines what is and is not a felony under the laws of California

6  with respect to proceedings under the authority of Sections 6101 and 6102. Section 6102(d)

7  defines what is and is not a felony under the laws of a jurisdiction other than California.

8       53.    Section 6102(c) identifies the procedure to be followed after a conviction of a

9  crime that involves, or may involve moral turpitude, or is a felony, becomes final. The Supreme

10  Court is commanded to summarily disbar the attorney if: 1) the offense is a felony and an

11  element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false

12  statement; or 2) involved moral turpitude.

13      54.    Section 6102(e) describes the procedure to be followed if the Supreme Court

14  determines the felony conviction did not contain an element of specific intent to deceive,

15  defraud, steal, or make or suborn a false statement or involved moral turpitude. The attorney

16  must be given a hearing after adequate notice and opportunity to be heard. If the Supreme Court

17  determines after the hearing that the crime of which the attorney was convicted, or the

18  circumstances of its commission, involved moral turpitude, the Supreme Court is commanded to

19  enter an order disbarring the attorney or suspending him or her from practice for a limited time. If

20  the Supreme Court does not determine the crime, or the circumstances of its commission

21  involved moral turpitude, the Supreme Court is commanded to dismiss the proceedings.

22      55.    Section 6102(f) gives the Supreme Court the discretion to refer the proceedings or

23  any part thereof or issue therein, including the nature or extent of discipline, to the

24  State Bar for hearing, report, and recommendation.

25      56.    Section 6102(h) commands the Supreme Court to prescribe rules for the practice

26  and procedure in proceedings conducted pursuant to Sections 6101 and 6102.

27      57.    Section 6102(i) provides that no other provision providing a procedure for the

28  disbarment or suspension of an attorney is applicable to a conviction proceeding unless expressly

1  made applicable.

2  58.    Defendant California Supreme Court has promulgated Court Rules. Title 9 of

3  those rules, consisting of Rules 9.1 - 9.61, pertain to Law Practice, Attorneys, and Judges. The

4  only one of those Rules pertaining to Section 6101 and 6102 conviction proceedings is Rule

5  9.10(a) which states:

6  The State Bar Court exercises statutory powers under Business and Professions
   Code sections 6101 and 6102 with respect to the discipline of attorneys convicted
7  of crimes. (See Bus. & Prof. Code section 6087.) For purposes of this rule, a
   judgment of conviction is deemed final when the availability of appeal has been
8  exhausted and the time for filing a petition for certiorari in the United States
   Supreme Court on direct review of the judgment of conviction has elapsed and no
9  petition has been filed, or if filed the petition has been denied or the judgment of
   conviction has been affirmed. The State Bar Court must impose or recommend
10 discipline in conviction matters as in other disciplinary proceedings. The power
   conferred upon the State Bar Court by this rule includes the power to place
11 attorneys on interim suspension under subdivisions (a) and (b) of section 6102,
   and the power to vacate, delay the effective date of, and temporarily stay the effect
12 of such orders.

13 59.    Rule 9.10(a) explicitly confers jurisdiction to Defendant State Bar Court to

14 exercise the statutory powers set forth in Bus. & Prof. Code Sections 6101 and 6102, citing to

15 Bus. & Prof. Code section 6087. Section 6087 gives Defendant California Supreme Court

16 discretion to delegate to the State Bar the requirement of Section 6102(h) to prescribe rules for

17 the practice and procedure in proceedings conducted pursuant to Sections 6101 and 6102.

18 60.    Cal. Bus. & Prof. Code Section 6086 gives Defendant Board of Trustees the

19 discretion to provide by rule the mode of procedure in all cases of complaints against members.

20 Section 6086.5 commands the Board of Trustees to establish a State Bar Court, to act in its place

21 and stead in the determination of disciplinary and reinstatement proceedings and proceedings

22 pursuant to subdivisions (b) and (c) of Section 6007 to the extent provided by rules adopted by

23 the Board of Trustees. Section 6086.5 contains a delegation of authority to the State Bar Court to

24 exercise the powers and authority vested in the Board of Trustees. Furthermore, for the purposes

25 of Sections 6007, 6043, 6049, 6049.2, 6050, 6051, 6052, 6077 (excluding the first sentence),

26 6078, 6080, 6081, and 6082, "board" includes the State Bar Court. Finally, under Section 6086.5,

27 the State Bar Court is precluded from adopting rules of professional conduct or rules of

28 procedure, but the Executive Committee of the State Bar Court may adopt rules of practice for

10                                                     COMPLAINT

1  the conduct of all proceedings within its jurisdiction, which rules may not conflict with the rules
2  of procedure adopted by the board, unless approved by the Supreme Court.

3  61.     Cal. Bus. & Prof. Code § 6086.7 (a)(1) commands a court to notify the State Bar
4  of a final order of contempt imposed against an attorney that may involve grounds warranting
5  discipline under Chapter 4 of the Business and Professions Code, consisting of sections 6000-
6  6238. Paragraph (c) of Section 6086.7 commands Defendant State Bar to investigate any matter
7  reported under this section as to the appropriateness of initiating disciplinary action against the
8  attorney.

9  62.     Said State Bar investigation is delegated, by State Bar Rule 2101, from Defendant
10 State Bar to Defendant OCTC, the delegation consisting of "exclusive jurisdiction to review
11 inquiries and complaints, conduct investigations and determine whether to file notices of
12 disciplinary charges in the State Bar Court."

13 63.     Defendant Board of Trustee's State Bar Rules pertaining to Defendant OCTC
14 investigations are State Bar Rules 2401 through 2410.

15 64.     Rule 2401 limits the purpose of investigations to the issue of whether there is
16 reasonable cause to believe that a member of the State Bar has violated a provision of the State
17 Bar Act or the Rules of Professional Conduct and if there is sufficient evidence to support the
18 allegations of misconduct.

19 65.     Rule 2409 requires Defendant OCTC, prior to filing a Notice of Disciplinary
20 Charges, to notify the member in writing of the allegations forming the basis for the complaint or
21 investigation.

22 66.     The State Bar Rules promulgated by Defendant Board of Trustees regarding
23 "Conviction Proceedings" are set forth in Title 5 (Discipline), Division 6 (Special Proceedings)
24 Chapter 2 (Conviction Proceedings) of the State Bar Rules of Procedure, Rules 5.340 - 5.346.

25 67.     State Bar Rule 5.340 states:

26 **Rule 5.340 Nature of Proceedings**
   These rules apply to proceedings that result from a member's criminal conviction
27 and are held under Business and Professions Code §§ 6101 and 6102, California
   Rules of Court, rule 9.10, and these Rules of Procedure of the State Bar.
28

11                                                      COMPLAINT

1     68.     State Bar Rule 5.341 provides that conviction proceedings are initiated in the

2     Review Department of the State Bar Court when the Office of the Chief Trial Counsel files a

3     certified copy of the record of conviction.

4     69.     State Bar Rule 5.342 pertains to interim suspension. Paragraph A requires the

5     Review Department to examine the record of conviction and gives it the discretion to interimly

6     suspend the member until a further order of the Review Department or until final disposition of

7     the conviction proceeding, but only if any ground for suspension set forth in Business and

8     Professions Code § 6102(a) is present. Paragraph B authorizes either party to, within 10 days

9     after the initial record of conviction is filed, to file a brief addressing whether grounds for

10    interim suspension under § 6102(a) are present. Paragraph C pertains to misdemeanor

11    convictions. It provides that in cases involving misdemeanor convictions, the Review

12    Department, on its own or on motion of any party, may direct the Hearing Department to conduct

13    a hearing for the sole purpose of resolving factual issues as to whether there is probable cause to

14    believe that the conviction involved moral turpitude, and if found, to make a recommendation

15    whether interim suspension should be imposed. Paragraph D provides for motions filed in the

16    Review Department to vacate, delay the effective date of, or temporarily stay the effect of an

17    order of interim suspension.

18    70.     State Bar Rule 5.343 pertains to summary disbarment. The rule authorizes

19    Defendant OCTC to file a motion for the member's summary disbarment under Business and

20    Professions Code § 6102(c).

21    71.     State Bar Rule 5.344 pertains to Final Convictions not subject to summary

22    disbarment. It directs the Review Department to refer the case to the Hearing Department to hear

23    the case and decide the issues in the order of referral.

24    72.     State Bar Rule 5.345 pertains to the proceedings in the Hearing Department.

25    Paragraph A requires the Clerk to file and serve under State Bar Rule 5.25 a notice of hearing on

26    conviction. Paragraph B pertains to the filing by the member of a response. Paragraph C pertains

27    to what happens if the member does not file a response. Paragraph D defines what documents

28    constitute the State Bar Record.

SEG header

1    73.    State Bar Rule 5.346 provides that all rules of procedure apply except rules that by

2 their terms apply only to other specific proceedings and do not apply in conviction proceedings,

3 and Rules 5.80-5.86 (default) apply as modified by these conviction proceedings rules.

4    74.    No conviction proceedings under Bus. & Prof. Code §§ 6101-6102 have been

5 filed in Defendant California Supreme Court, and to date, Defendant California Supreme Court

6 has issued no orders regarding Dickstein's misdemeanor criminal contempt conviction.

7    75.    No proceedings regarding interim suspension under State Bar Rule 5.342 took

8 place. Defendant State Bar Court Review Department did not interimly suspend Dickstein (State

9 Bar Rule 5.342(A)); Defendant OCTC did not file a brief addressing whether grounds for

10 interim suspension under § 6102(a) are present (Rule 5.342(B)), nor did Defendant State Bar

11 Court Review Department make a referral to the Hearing Department on the sole issue of

12 whether Dickstein's conviction involved moral turpitude (Rule 5.342(C)).

13    76.    Defendant OCTC did not file a motion for Dickstein's summary disbarment

14 under Bus. & Prof. Code § 6102(c) (Rule 5.343).

15    77.    Defendant OCTC did not commence an investigation under Bus. & Prof. Code §

16 Section 6086.7 to determine the appropriateness of initiating disciplinary action against

17 Dickstein based upon his final conviction of contempt.

18    78.    Defendant OCTC did not provide Dickstein with a Rule 2409 notice.

19    79.    Defendant OCTC did not file a notice of disciplinary action.

20    80.    Pleadings that have been filed on behalf of Defendant OCTC in the Bus. & Prof.

21 Code §§ 6101-6102 conviction proceeding currently pending against Dickstein list Defendants

22 Jayne Kim, Joseph R. Carlucci, Charles A. Murray and William Todd as counsel for Defendant

23 OCTC.

24    81.    Dickstein's conviction being a criminal misdemeanor, the sole issue before

25 Defendant State Bar Court is whether the conviction, or the circumstances surrounding the

26 conviction, involved moral turpitude.

27    82.    In the absence of a finding of "moral turpitude" in either the conviction itself or

28 the circumstances surrounding the conviction, the conviction proceedings must, as a matter of

13                                COMPLAINT

1   law, be dismissed pursuant to Cal. Bus. & Prof. Code § 6102(e).

2        83.   Required dismissal of the conviction proceedings precludes having a hearing on
3   the issue of "other misconduct warranting discipline."

4        84.   Defendant State Bar Court Review Department has no statutory nor delegated
5   authority to make a referral to Defendant State Bar Court Hearing Department regarding "other
6   misconduct warranting discipline." The referral of the Review Department, the proceedings on
7   that portion of the referral in the hearing department, and prosecution of that referral by OCTC,
8   being in the absence of jurisdiction, denies Dickstein both substantive and procedural due
9   process in violation of Federal Constitution Fourteenth Amendment proscriptions.

10       85.   Despite having been made aware of its lack of jurisdiction and violation of due
11   process under the Fourteenth Amendment of the Federal Constitution regarding the "other
12   misconduct warranting discipline" referral, Defendants Board of Trustees, State Bar Court, Joann
13   M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy,
14   Richard A. Honn, Richard A. Platel, Donald F. Miles, OCTC, Jayne Kim, Joseph R. Carlucci,
15   Charles A. Murray, and William Todd all contend they have jurisdiction and that their process
16   does not violate due process of law.

17       86.   Cal. Bus. & Prof. Code § 6068, and State Bar Rules 5.100, 5.81(A) and 5.82
18   mandate not only that Dickstein appear in Defendant State Bar Court in Los Angeles for the trial
19   of his conviction proceedings, but command that if he fails to appear, Defendant State Bar Court
20   must enter his default, which default will result in Dickstein being deemed to have committed a
21   crime involving moral turpitude or other misconduct warranting discipline, and Defendant State
22   Bar Court must recommend Dickstein's disbarment.

23       87.   Said Cal. Bus. & Prof. Code and State Bar Rules make no accommodation for
24   member attorneys who live out of state and do not have the funds to travel or for lodging and
25   meals while away from home.

26       88.   Said Cal. Bus. & Prof. Code and State Bar Rules discriminate against indigent
27   litigants and constitute a suspect classification that violates the Federal Constitution, Fourteenth
28   Amendment.

14           COMPLAINT

1    89.    Dickstein has notified Defendants State Bar Court and OCTC of his lack of funds
2    to attend trial by filing an Affidavit of Financial Status.

3                                    **FIRST CAUSE OF ACTION**

4                    **Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

5    90.    Dickstein realleges and incorporates herein by reference the allegations set forth in
6    paragraphs1 through 89 of this complaint.

7    91.    In committing the acts complained of herein, i.e., refusing to allow Dickstein to
8    voluntarily stop associating with Defendant State Bar, Defendants and each of them acted, and
9    continue to act, under color of state law to deprive Dickstein of his U.S. Constitution, amend. I
10    right of freedom of association, and its corollary right of freedom not to associate.

11    92.    To the extent Defendants, and each or any of them, contend their conduct is
12    authorized by state statute or state bar rule, said state statute or state bar rule violates U.S.
13    Constitution, amend. 1.

14    93.    The conduct of Defendant State Bar in charging Dickstein yearly membership
15    fees, including subjecting him to accruing penalties and costs for their nonpayment, in collusion
16    with Defendant California Supreme Court, have taken place in the past and will continue to take
17    place each year in the future, in that said conduct constitutes the official custom and policy of
18    Defendants. Accordingly, there is a genuine threat that in the immediate future Dickstein will be
19    sent a membership fee statement requiring him to pay membership fees, thereby continuing to
20    violate Dickstein's rights secured under U.S. Constitution, amend. I.

21    94.    Defendants, and each of them, have been notified of the unconstitutionality of
22    their conduct, and therefore their conduct in refusing to recognize Dickstein's right to associate,
23    and his corollary right, freedom not to associate, is knowing, intentional and wilful.

24    95.    The violation of Dickstein's federal civil rights will continue unless and until
25    Defendants, and each of them, are enjoined by this Court.

26                                  **SECOND CAUSE OF ACTION**

27                    **Declaratory Relief Pursuant to Title 28 U.S.C. §2201**

28    96.    Dickstein realleges and incorporates herein by reference the allegations set forth in

                                        15                          COMPLAINT

1 paragraphs1 through 95 of this complaint.

2      97.    An actual controversy has arisen and now exists between Dickstein and
3 Defendants concerning their respective rights and duties.

4      98.    Dickstein contends so long as he no longer practices law under the authority of his
5 State issued license, having retired from the practice of law, and no longer holds himself out as
6 authorized to practice law in any court of the State of California, or elsewhere, and having
7 surrendered his license to practice law, and having notified Defendants of the surrender of his
8 license to practice law, he is by definition no longer a member of Defendant State Bar, and
9 therefore Defendants, and each of them, are violating his rights under U.S. Constitution, amend. I
10 by refusing to accept Dickstein's surrender of his license, by continuing to charge him
11 membership fees, and continuing to exercise jurisdiction over him as a member of Defendant
12 State Bar.

13      99.    Defendants, and each of them, contend that they can force Dickstein to be a
14 member of Defendant State Bar, to pay membership fees and be subject to their jurisdiction for
15 as long as Defendant Supreme Court, in its sole authority, dictates.

16      100.    Dickstein desires a judicial determination and a declaration as to his U.S.
17 Constitution, amend. I right not to associate and not to be a compelled member of Defendant
18 State Bar, and under the continuing jurisdiction of Defendants.

19      101.    A judicial declaration is necessary and appropriate at this time under the
20 circumstances because Defendants, and each of them, are engaged in a continuing course of
21 conduct designed to coerce and extort money from Dickstein in the guise of membership fees,
22 penalties and costs, and disciplinary fees in the form of penalties, all under asserted color of state
23 law and the exercise of jurisdiction Defendants no longer possess with respect to Dickstein.

24                                 **THIRD CAUSE OF ACTION**

25             **Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

26      102.    Dickstein realleges and incorporates herein by reference the allegations set forth in
27 paragraphs1 through 89 of this complaint.

28      103.    In committing the acts complained of herein, i.e., asserting jurisdiction over

1  Dickstein regarding "other misconduct warranting discipline" in a "Conviction "Proceeding"
2  under Cal. Bus. & Prof. Code §§ 6101 and 6102, and Rule of Court 9.10(a), Defendants State
3  Bar, Board of Trustees, State Bar Court, OCTC, including the agents and employees of said
4  entities, are each acting outside of their statutory and delegated jurisdictional authority, and
5  therefore are violating Dickstein's rights to equal protection of the law and due process of law
6  under U.S. Constitution, amend. XIV.

7      104.    Defendants, and each of them, have been notified of the unconstitutionality of
8  their conduct, and therefore their conduct in refusing to recognize Dickstein's rights to due
9  process and equal protection under U.S. Constitution, amend XIV is knowing, intentional and
10 wilful.

11     105.    The acts of said Defendants, and each of them, in asserting jurisdiction in a
12 conviction proceeding of "other misconduct warranting discipline" is ongoing in the case of *In re*
13 *Dickstein*, so there is a genuine threat that said defendants will continue to act without
14 jurisdiction, and will continue to violate Dickstein's civil rights unless enjoined by this Court.

15                      **FOURTH CAUSE OF ACTION**

16               **Declaratory Relief Pursuant to Title 28 U.S.C. §2201**

17     106.    Dickstein realleges and incorporates herein by reference the allegations set forth in
18 paragraphs102 through 105 of this complaint.

19     107.    An actual controversy has arisen and now exists between Dickstein and
20 Defendants concerning the jurisdiction of Defendants State Bar, Board of Trustees, State Bar
21 Court, and OCTC, including the agents and employees of said entities to proceed in a Conviction
22 Proceeding authorized under Cal. Bus. & Prof. Code §§ 6101-6102 and Court Rule 9.10(a) to
23 inquire into whether Dickstein engaged in "other misconduct warranting discipline."

24     108.    Dickstein contends that, having been convicted of a misdemeanor criminal
25 contempt, the only authority/jurisdiction of the named Defendants under applicable statutes and
26 delegated authority is to enquire if the crime, or circumstances surrounding the crime, involved
27 moral turpitude, and if not, the conviction proceedings against him must be dismissed pursuant to
28 Cal. Bus. & Prof. Code § 6102(e).

                                    17                          COMPLAINT

1    109.   Defendants, and each of them, contend that even if the misdemeanor crime, or

2    circumstances surrounding the crime, of which Dickstein was convicted did not involve moral

3    turpitude, they can ignore the mandatory requirements of Bus. & Prof. Code § 6102(e) to

4    dismiss, and may proceed to determine if Dickstein engaged in some non-specified "other

5    misconduct warranting discipline" without the necessity of first conducting an investigation by

6    the OCTC, notifying Dickstein of the investigation and giving him an opportunity to respond,

7    and filing a separate disciplinary proceeding which identifies the state statute or rule allegedly

8    violated by Dickstein, all of which is required under the California statutes and State Bar Rules

9    identified herein above.

10    110.   Dickstein desires a judicial determination and a declaration as to his U.S.

11    Constitution, amend. XIV right not to stand trial in the absence of jurisdictional authority and

12    therefore in violation of his rights to equal protection and due process of law under said U.S.

13    Constitution, amend. XIV.

14    111.   A judicial declaration is necessary and appropriate at this time under the

15    circumstances because Defendants, and each of them, are currently engaged in a continuing State

16    Bar Court proceeding designed to coerce and extort money from Dickstein in the guise of

17    disciplinary fees in the form of penalties, under the color of state law, and in the absence of

18    statutory or delegated jurisdictional authority.

19                              **FIFTH CAUSE OF ACTION**

20           **Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

21    112.   Dickstein realleges and incorporates herein by reference the allegations set forth in

22    paragraphs1 through 89 of this complaint.

23    113.   In promulgating and enforcing State Bar Rules that deny Dickstein access to the

24    State Bar Court to defend himself based solely upon his indigent status, Defendants, and each of

25    them, are violating Dickstein's rights to equal protection of the law and due process of law under

26    U.S. Constitution, amend. XIV.

27    114.   Defendants, and each of them, have been notified of Dickstein's indigent status,

28    but nonetheless contend that if he does not personally appear at a trial fourteen hundred miles

                                     18                              COMPLAINT

1 | from his residence, applicable statutes and rules require he be held in default and subject to
2 | summary disbarment and the imposition of disciplinary costs in the form of penalties.

3 |     115.   The acts of said Defendants, and each of them, in denying Dickstein access to the
4 | State Bar Court based on his indigency is ongoing in the case of *In re Dickstein*, trial being
5 | currently set to commence on October 30, 2012, and there is a genuine threat said conduct will
6 | continue unless enjoined by this Court.

7 | **SIXTH CAUSE OF ACTION**
8 | **Declaratory Relief Pursuant to Title 28 U.S.C. §2201**

9 |     116.   Dickstein realleges and incorporates herein by reference the allegations set forth in
10 | paragraphs 112 through 115 of this complaint.

11 |     117.   An actual controversy has arisen and now exists between Dickstein and
12 | Defendants concerning the federal constitutionality of the statutes and state bar rules requiring
13 | Dickstein to be held in default and subject to summary disbarment and imposition of disciplinary
14 | costs in the form of penalties based solely upon Dickstein's indigency.

15 |     118.   Dickstein contends that having established his indigency by uncontested affidavit,
16 | he can not be denied access to the State Bar Court to defend charges against him because he lacks
17 | funds to travel from Oklahoma to Los Angeles, California, and to pay for lodging and food while
18 | away from his home, and the statutes and Defendant State Bar Rules to the contrary discriminate
19 | against him, and others similarly situated, based on the suspect classification of financial
20 | indigency.

21 |     119.   Defendants, and each of them, contend said statutes and State Bar Rules are not
22 | discriminatory, do not violate Dickstein's rights to due process and equal protection under U.S.
23 | Constitution, amend. XIV.

24 |     120.   Dickstein desires a judicial determination and a declaration as to his U.S.
25 | Constitution, amend. XIV right to access to the State Bar Court to defend the allegations against
26 | him in an ongoing State Bar Court conviction proceeding.

27 |     121.   A judicial declaration is necessary and appropriate at this time under the
28 | circumstances because Defendants, and each of them, are currently engaged in an ongoing State

19

COMPLAINT

1  Bar Court proceeding with trial scheduled to commence on October 30, 2012.

2  WHEREFORE, Dickstein moves this Court for a judicial declaration that the defendants,

3  and each of them, are violating Dickstein's rights under U.S. Constitution, amends. I and XIV,

4  and for prospective injunctive relief prohibiting Defendants, and each of them, from violating

5  Dickstein's rights under U.S. Constitution, amends. I and XIV, and for such other and further

6  relief as is proper under the circumstances, including the granting of his costs and attorney's fees

7  as a private attorney general as authorized under California Code of Civil Procedure § 1021.5 or

8  other applicable law.

9  Dated: August 22, 2012.

Jeffrey K. Dickstein
Plaintiff pro se.

20                                                    COMPLAINT

STATE BAR OF CALIFORNIA
OFFICE OF THE CHIEF TRIAL COUNSEL
JAYNE KIM, No. 174614
CHIEF TRIAL COUNSEL
JOSEPH R. CARLUCCI, No. 172309
DEPUTY CHIEF TRIAL COUNSEL
CHARLES A. MURRAY, No. 146069
ACTING ASSISTANT CHIEF TRIAL COUNSEL
WILLIAM TODD, No. 259194
DEPUTY TRIAL COUNSEL
1149 South Hill Street
Los Angeles, California 90015-2299
Telephone: (213) 765-1491

# STATE BAR COURT

## HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of:<br><br>JEFFREY ALAN DICKSTEIN,<br>No. 70638,<br><br>A Member of the State Bar. | ) Case No. 10-C-07932<br>)<br>) THE STATE BAR'S PRETRIAL STATEMENT<br>) AND EXHIBIT LIST<br>)<br>) Pretrial Conf.: August 8, 2012 at 11:30 a.m.<br>) Trial: August 15, 2012 @ 1:30 p.m.<br>)<br>) (State Bar Ct. *Rules of Prac.*, Rule 1223; *Rules*<br>) *Proc. Of State Bar*, rule 5.101) |

The State Bar of California Office of the Chief Trial Counsel ("State Bar"), by and

through Deputy Trial Counsel William Todd, submits the following Pretrial Statement pursuant

to rule 1223 of the Rules of Practice of the State Bar Court and rule 5.101 of the Rules of

Procedure of the State Bar of California.

**(a)** **PARTY**

This Pretrial Statement is filed on behalf of the State Bar of California.

**(b)** **SUBSTANCE OF THE PROCEEDING**

Respondent appears before the court in accordance with this court's Notice of Hearing

on Conviction served January 27, 2012 following Respondent's conviction under 18 United

States Code section 401 (3), criminal contempt. It is the State Bar's position that Respondent's

-1-

**Exhibit B, Page 1**

conviction does not involve moral turpitude, but does constitute other misconduct warranting discipline.

**(c)**     <u>**UNDISPUTED FACTS**</u>

The parties have agreed on a stipulation as to undisputed facts as of July 13, 2012, and intend to file it as soon as respondent returns an original signature to OCTC.

**(d)**     <u>**DISPUTED ISSUES**</u>

The only substantive dispute here is the level of discipline.

**(e)**     <u>**DISPOSITION SOUGHT**</u>

The State bar seeks a two (2) year suspension, stayed, with six (6) months actual, two (2) years probation with standard conditions, Ethics School (or equivalent) and MPRE passage. This proposed discipline is consistent with *In re Ross* (1990) 51 Cal.3d 451.

The State Bar reserves the right to modify its recommendation at the conclusion of trial in this matter.

**(f)**     <u>**POINTS OF LAW**</u>

There are no disputed points of law in this case.

**(g)**     <u>**WITNESSES TO BE CALLED**</u>

The State Bar intends to call the following witnesses during the culpability phase of the trial in this matter:

(a)     Respondent JEFFREY ALAN DICKSTEIN, 3263 S Erie Ave, Tulsa, Oklahoma, 74135; the existence of other misconduct warranting discipline arising from a criminal conviction.

**(h)**     <u>**FURTHER DISCOVERY OR MOTIONS**</u>

None.

**(i)**     <u>**STIPULATIONS**</u>

On July 13, 2012, the parties tentatively agreed upon a set of undisputed facts which acknowledge Respondent's conviction. If Respondent follows through and signs the statement, it will be filed as soon as it is received by the State Bar.

**Exhibit B, Page 2**

-2-

1    The Court should be mindful that Respondent is attempting to have the State Bar stipulate
2    to facts that are irrelevant to this proceeding, such as dismissed allegations of misconduct from
3    the early 1990s and opinion on his competence as an attorney. However, the State Bar refuses to
4    stipulate to any facts not material to the scope of this proceeding as described in Rule 1223 (c) of
5    the *Rules of Practice*.

6    **(j)    AMENDMENTS, DISMISSALS**

7        None.

8    **(k)    SETTLEMENT DISCUSSION**

9        Respondent is only willing to accept dismissal as resolution of this matter.

10   **(l)    BIFURCATION, SEPARATE TRIAL OR ISSUES**

11       No bifurcation or separate trial is warranted in this matter.

12   **(m)    LIMITATION OF EXPERTS**

13       There are no expert witnesses.

14   **(n)    ESTIMATE OF TRIAL TIME**

15       The parties estimate that the culpability phase of the trial will last 1 day.

16   **(o)    CLAIM OF PRIVILEGE OR WORK PRODUCT**

17       There are no claims of privilege or work product.

18   **(p)    FAILURE TO COOPERATE**

19       There is no failure to cooperate.

20   **(q)    MISCELLANEOUS**

21       None.

22                                  Respectfully submitted,

23
24                                  THE STATE BAR OF CALIFORNIA
                                    OFFICE OF THE CHIEF TRIAL COUNSEL
25
26   DATED: July 16, 2012        BY:_____
                                    William Todd
27                                  Deputy Trial Counsel
28

**Exhibit B, Page 3**

-3-

## State Bar Court – Exhibit Records

[ X ]  State Bar

[ ]

Case Name: In the Matter of JEFFREY ALAN DICKSTEIN

Case Number: 10-C-07932

Case Administrator: Lauretta Cramer

Trial Date: August 15-16, 2012

Hearing Judge:
Honorable Patrice E. McElroy

| *Exhibit No./Letter | Description (Describe in detail using document name, type, date, number of pages, or check number) | Identified | Admitted | Denied | Withdrawn | Judicially Noticed |
|---|---|---|---|---|---|---|
| 1. | Certified copy of Respondent's **Registration Card** on file in the Membership Records Department of the State Bar of California dated July 13, 2012, 2012 (2 pages). | | | | | |
| 2. | Certified copy of Respondent's **Address History** on file in the Membership Records Department of the State Bar of California dated July 13, 2012 (3 pages). | | | | | |
| 3. | Copy of **Notice and Order of Criminal Contempt Proceedings** in Case No. 3:10mc63/MCR/EMT, filed August 18, 2010 (9 pages). | | | | | |
| 4. | Copy of **Bench Minutes** in Case No. 3:10mc63/MCR, October 25, 2010 (2 pages). | | | | | |
| 5. | Copy of **Notice of Appeal** in Case No. 3:10mc63/MCR/EMT October 29, 2010 (2 pages). | | | | | |
| 6. | Copy of **Order and Judgement of Criminal Contempt** in Case No. 3:10mc63/MCR/EMT, November 24, 2010 (14 pages). | | | | | |
| 7. | Copy of **Court of Appeal Opinion on Respondent's Appeal,** 3:10mc63/MCR/EMT, August 9, 2011 (16 pages). | | | | | |

# State Bar Court – Exhibit Records

[X] State Bar

Case Name: In the Matter of   Case Number: 10-C-07932      Trial Date: August 15-16, 2012
JEFFREY ALAN
DICKSTEIN           Case Administrator: Lauretta Cramer

Hearing Judge:
Honorable Patrice E. McElroy

| *Exhibit No./Letter | Description (Describe in detail using document name, type, date, number of pages, or check number) | Identified | Admitted | Denied | Withdrawn | Judicially Noticed |
|---|---|---|---|---|---|---|
| 8. | Copy of **Court of Appeal Order Entering Judgment,** 3:10mc63/MCR/EMT, August 9, 2011 (1 page). | | | | | |
| 9. | Copy of **Civil Court Docket** in Case No. 3:10mc63/MCR/EMT (11 pages). | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1    ## DECLARATION OF SERVICE BY UNITED STATES POSTAL SERVICE

2    **CASE NUMBER: 10-C-07932**

3        I, the undersigned, over the age of eighteen (18) years, whose business address and place of employment is the State Bar of California, 1149 South Hill Street, Los Angeles, California

4    90015, declare that I am not a party to the within action; that I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the

5    United States Postal Service; that in the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with

6    the United States Postal Service that same day; that I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or

7    package is more than one day after date of deposit for mailing contained in the affidavit; and that in accordance with the practice of the State Bar of California for collection and processing of

8    mail, I deposited or placed for collection and mailing in the City and County of Los Angeles, on the date shown below, a true copy of the within

9

10    ## THE STATE BAR'S PRETRIAL STATEMENT AND EXHIBIT LIST

11    in a sealed envelope placed for collection and mailing at Los Angeles, on the date shown below, addressed to:

12

13    **Jeffrey Alan Dickstein**
      **Jeffrey A. Dickstein**
      **3263 S Erie Ave**

14    **Tulsa, OK 74135**

15        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

16

17    DATED: _July 16, 2012_          Signed: _Paula Heider_

18                                        Paula Heider
                                          Declarant

19

20

21

22

23

24

25

26

27

28                                         -1-                       **Exhibit B, Page 6**

**FILED** 

AUG 2 8 2012

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT – SAN FRANCISCO

|  |  |
|---|---|
| In the Matter of | ) Case No.: **10-C-07932-PEM** |
| | ) |
| **JEFFREY ALAN DICKSTEIN,** | ) |
| | ) **ORDER DENYING MEMORANDUM** |
| **Member No. 70638,** | ) **SEEKING DISMISSAL FOR WANT OF** |
| | ) **JURISDICTION** |
| A Member of the State Bar. | ) |

  This matter is before the court on respondent JEFFREY ALAN DICKSTEIN'S August 8,

2012 memorandum of law seeking the dismissal of this proceeding for want of jurisdiction.[1]

  The issues in this conviction proceeding are whether the facts and circumstances

surrounding respondent's criminal conviction involved (1) moral turpitude (Bus. & Prof. Code,

§§ 6101, 6102) or (2) other misconduct warranting discipline (e.g., *In re Kelley* (1990) 52 Cal.3d

487, 494) and, if so, what is the appropriate level discipline. (§§ 6101, 6102; Cal. Rules of

Court, rule 9.10(a); Rules Proc. of State Bar, rule 5.340, et seq.; see also *In re Paguirigan* (1998)

25 Cal.4th 1, 3, fn.1 [conviction proceedings now "originate in the [State Bar Court] Review

*Department*, which may order hearings in the Hearing Department on specific issues when

necessary"].)

---

[1] Respondent inaptly titled his memorandum as a memorandum of law regarding issues to
be determined at the pretrial conference.

Respondent admits that sections 6101 and 6102 authorize the California Supreme Court and the State Bar Court to determine whether the facts and circumstances surrounding his conviction involved moral turpitude, but denies that those sections authorize the courts to determine whether the facts and circumstances surrounding his conviction involved other misconduct warranting discipline. In short, respondent contends that neither the Supreme Court nor the State Bar Court has jurisdiction to determine whether an attorney's conviction involved other misconduct warranting discipline.

Moreover, according to respondent, because the State Bar "concedes that [his] conviction does not involve moral turpitude," the State Bar Court must dismiss the present case for want of jurisdiction.

To be certain, neither section 6101 nor section 6102 mentions "other misconduct warranting discipline." And, as respondent aptly notes, section 6102, subdivision (e) clearly provides that if, after a hearing, no moral turpitude is found, the conviction proceeding is to be dismissed. However, contrary to respondent's contention, the Supreme Court is not bound by any legislative enactment dealing with attorney discipline. In fact, the Legislature itself has long declared that nothing in the State Bar Act (Bus. & Prof. Code, § 6000, et seq.) is to "be construed as limiting or altering the powers of the Supreme Court of this State to disbar or discipline members of the bar as this power existed" before the State Bar Act was first enacted in 1927. (Bus. & Prof. Code, § 6087.)

Similarly, and more specific to the issue at hand, the Legislature has also explicitly declared that nothing in, inter alia, section 6101 or section 6102 "limits the inherent power of the Supreme Court to discipline, including to summarily disbar, any attorney." Accordingly, it is clear that sections 6101 and 6102 cannot be construed in isolation, but must be construed in light of the Supreme Court cases dealing with those two sections.

-2-                    **Exhibit C, Page 2**

The Supreme Court cases under sections 6101 and 6102 that have involved the other-misconduct-warranting-discipline standard (e.g., *In re Kelley* (1990) 52 Cal.3d 487, 492; *In re Strick* (1983) 34 Cal.3d 891, 897; *In re Higbie* (1972) 6 Cal.3d 562, 569; *In re Langford* (1966) 64 Cal.2d 489, 490) have effectively amended sections 6101 and 6102 so that those two sections are read to include not only the moral-turpitude standard, but also the other-misconduct-warranting-discipline standard. Respondent's contentions to the contrary are meritless. (Cf. *Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 728-729 [legislative enactment inconsistent with judicial rule relating to licensing of attorneys "must give way"].)

## ORDER

The court orders that respondent's August 8, 2012 memorandum of law seeking the dismissal of this proceeding for want of jurisdiction under sections 6101 and 6102 is **DENIED**.

Dated: August 21, 2012.

PAT McELROY
Judge of the State Bar Court

-3-

| STATE BAR COURT OF CALIFORNIA | For Clerk's Use Only: | **FILED** |
|---|---|---|
| HEARING DEPARTMENT | | MAY 3 0 2012 |
| | | STATE BAR COURT CLERK'S OFFICE<br>SAN FRANCISCO |
| 180 Howard St., 6th Fl., San Francisco, CA 94105 | | |
| In the Matter of: | Case No(s). 10-C-07932-PEM | |
| **JEFFREY DICKSTEIN**<br>**Member No. 70638** | **STATUS CONFERENCE ORDER** | |
| A Member of the State Bar. | Date: **May 29, 2012** | Time: **9:30 am** |

**APPEARANCES:**

Office of Trials by:      Named Party by:      Named Party's Counsel by:

**WILLIAM TODD**      **JEFFREY DICKSTEIN**
- ☐ In Person      ☐ In Person      ☐ In Person
- ☑ Telephone      ☑ Telephone      ☐ Telephone
- ☐ No Appearance      ☐ No Appearance      ☐ No Appearance

**TRIAL:**
☐ Estimate of trial time: State Bar _____; Respondent/Applicant/Petitioner _____; Court (total)_____
☐ This matter is set for date(s) certain for trial on:    Culpability/Discipline: _____

**PRETRIAL:**
☑ Further Status Conference:    ☐ In person    ☐ Telephonic _____ Calendar

**#** ☑ Pretrial Conference:    ☐ In person    ☑ Telephonic **August 8,2012 @ 11:30 am**

Pretrial Statement/Proposed Exhibits Due _____ days before Pretrial Conference pursuant to Rule 1223 and 1224, Rules of Practice of The State Bar Court.

**SETTLEMENT:**
☐ Counsel shall meet and confer in person or by telephone and report on the possibility of compromise at the next conference.
☐ The parties waive their right to have the settlement conference heard by a judge other than the trial judge.
☐ Settlement Conference: ☐ In Person ☐ Telephonic _____
   An original and one copy of settlement position statements in letter form are due five days prior to the settlement conference.
☐ Stipulation to be filed by _____

**REFERRAL:**
☐ This matter is referred to the State Bar Court's Alternative Discipline Program. A status conference is scheduled
   for _____ at _____ with Judge _____ This will
   be an ☐ In Person ☐ Telephonic status conference

**OTHER ORDERS:**
☑ Discovery Period Ends/Extended to **June 4, 2012**
☑ Motion of ☐ Deputy Trial Counsel; ☑ Respondent/Applicant/Petitioner; ☐ Court for: **to dismiss**
   ☐ Granted    ☑ Denied    ☐ See :"Other", below.
☑ Other: **Hearing date remain the same; The motion to dismiss is denied as this**
   **it must determine whether the conviction involved moral turpitude + Respondent o pr notic**
☐ Service of this order is waived. **That the other issue even if the conviction does not involve moral turpitude**
   **# He in el date is changed**    (it it other misconduct warranting discipline.
   **IT IS SO ORDERED.**

Dated : May **29** 2012

**PAT McELROY**
Judge of the State Bar Court

**Exhibit D, Page 1**

**FILED**

AUG 0 3 2012

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

JEFFREY A. DICKSTEIN
Cal. Bar No. 70638
3263 S Erie Ave
Tulsa, OK 74135
(918) 271-3374

## STATE BAR COURT OF CALIFORNIA

### HEARING DEPARTMENT - SAN FRANCISCO

| | |
|---|---|
| In the Matter of: | ) Case No. 10-C-07932-PEM |
| | ) |
| JEFFREY ALAN DICKSTEIN, | ) MOTION TO QUASH TRIAL SUBPOENA |
| | ) |
| A Member of the State Bar, No. 70638. | ) |
| | ) |

Comes now Jeffrey Alan Dickstein (hereinafter "Dickstein") who moves the Court for an order quashing the trial subpoena attached hereto as Exhibit A.[1] In support thereof, the following showing is made.

**FACTS:**

1. On Monday, July 30, 2012, Dickstein received in his mailbox at his residence,

3263 Erie Ave, Tulsa, OK, an envelope from William S. Todd, Deputy Trial Counsel for the State Bar of California.

2. The envelope contained only a document, purportedly signed by William S. Todd, entitled "Trial Subpoena" with the box checked "For Personal Appearance." See Exhibit A.

3. The Trial Subpoena commands Dickstein's appearance to testify on August 15, 2012 at the State Bar Court, 1148 South Hill Street, Los Angeles, California 90015-2299. See

[1]. Neither the order of objections presented, nor their inclusion, shall be deemed to be a waiver of those objections that might be inconsistent with others, nor shall it be a waiver of Dickstein' continuing challenge to the jurisdiction of the State Bar Court and the State of California.

**Exhibit E, Page 1**

Exhibit A.

    4.      There is no court proceeding scheduled for August 15, 2012 in Los Angeles,

California. Trial is scheduled for September 11, 2012 in San Francisco, California.

## AUTHORITY:

State Bar of California Rule of Procedure 5.62 governs "Trial Subpoenas." It states:

(A) Who May Issue a Subpoena. Any party may issue trial subpoenas under
Business and Professions Code §§ 6049(c) and 6085 and Code of Civil Procedure
§ 1985. And any party may compel another party to testify or produce documents
at trial by serving a notice to appear under Code of Civil Procedure § 1987.

(B) Service. Subject to possible reimbursement of costs under rules 5.129– 5.132,
the party issuing a trial subpoena must:
    (1) serve a copy of the subpoena on the persons or entities
    required;
    (2) obtain proper proof of service; and
    (3) pay witness fees or expenses.

California Code of Civil Procedure § 1987 requires the subpoena be served personally,

and at the time of personal service, giving or offering witness fees:

(a) Except as provided in Sections 68097.1 to 68097.8, inclusive, of the
Government Code, the service of a subpoena is made by delivering a copy, or a
ticket containing its substance, to the witness personally, giving or offering to the
witness at the same time, if demanded by him or her, the fees to which he or she is
entitled for travel to and from the place designated, and one day's attendance
there.

California Code of Civil Procedure § 1989 excludes the jurisdiction to compel

Dickstein's attendance through a Trial Subpoena or Notice to Appear:

A witness, including a witness specified in subdivision (b) of Section 1987, is not
obliged to attend as a witness before any court, judge, justice or any other officer,
unless the witness is a resident within the state at the time of service.

California Government Code § 68097 provides a witness can not be compelled to appear

2

in the absence of the payment of his fees:

> Witnesses in civil cases may demand the payment of their mileage and fees for one day, in advance, and when so demanded may not be compelled to attend until the allowances are paid.

## ARGUMENT:

The Trial Subpoena is invalid, and Dickstein can not be compelled to appear or held in contempt for failing to appear, for one or more of the following reasons:

1. The Trial Subpoena was not personally served;

2. Witness fees were not paid or offered;[2]

3. The Trial Subpoena compels attendance at a date, time and place in which no proceeding is scheduled;

4. The State Bar, its Courts, officers and employees all lack jurisdiction to compel Dickstein's attendance at trial, by Trial Subpoena or Notice to Appear, because Dickstein is not Resident in the State of California.

Dickstein is getting sick and tired of being the victim of the harassment of the State Bar through its abusive process and abject refusal to follow the applicable Constitution, statutes, and Rules of the State Bar Court, Rules of Procedure and Rules of Practice. Unless the Office of Chief Trial Counsel wants to admit it is ignorant of the relevant law, its conduct in issuing the current Trial Subpoena must be considered a wilful violation of that law.

The Office of Chief Trial Counsel knows Dickstein does not have funds to travel from Oklahoma to California, and full knows there is no proceeding in Los Angeles on August 15,

---

2. The illegal service of the Trial Subpoena by mail precluded the opportunity to demand witness fees at the time of service.

3

2012.

Dickstein also interposes an objection under the Fifth Amendment to being called as a witness[3] based on the following:

1.    Dickstein is currently charged with some unspecified conduct warranting discipline;

2.    The State Bar contends it is acting on behalf of the California Supreme Court and the California Supreme Court has absolute total discretion to do anything it wants to attorneys under its inherent authority;

3.    The State Bar contends it does not have to tell Dickstein ahead of trial what the unspecified conduct is nor the California rules or statutes the unspecified conduct violated;

4.    The proceedings in Florida District Court involving the same issues turned criminal, and the District Court Judge used Dickstein's tone of voice as one of the basis for bringing the contempt action.

WHEREFORE, Dickstein moves the Court for an order quashing the Trial Subpoena, and a further order directed to the Office of the Chief Trial Counsel not to serve another trial subpoena or notice to appear on Dickstein, there being a complete absence of jurisdiction to

///

///

///

///

---

3.    Dickstein is not claiming a witness privilege not to testify; Dickstein is claiming his right to remain silent.

4

compel his attendance as he is not resident in the State of California.

Dated: July 31, 2012.

Jeffrey A. Dickstein

## AFFIDAVIT OF SERVICE

I, Kellie Ward, a person over the age of 18 years and not a party to this action, residing at

4400 W. Princeton St, Broken Arrow, OK 74012, in Tulsa County, served by mail in said county,

a copy of the foregoing document, by depositing in the United States mail, on July 31, 2012, a

sealed envelope containing said document with postage thereon fully prepaid, addressed to:

Deputy Trial Counsel William Todd
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct. Executed on May 18, 2012 at Tulsa, Oklahoma.

Kellie Ward

5



# THE STATE BAR OF CALIFORNIA
# OFFICE OF THE CHIEF TRIAL COUNSEL

# SUBPOENA

*(California Business and Professions Code Sections 6049 to 6052 and 6069)*

| | |
|---|---|
| In the Matter of | ) Case No. 10-C-07932 |
| | ) |
| JEFFREY ALAN DICKSTEIN, | ) **TRIAL SUBPOENA** |
| 70638, | ) |
| | ) ☑ For Personal Appearance |
| A Member of the State Bar. | ) |
| | ) ☐ Production of Documents and Things |
| | ) |
| | ) |

**THE STATE BAR OF CALIFORNIA, TO:**    **Jeffrey Alan Dickstein**
                                                   **3263 South Erie Avenue**
                                                   **Tulsa, OK 74135**

1. **YOU ARE ORDERED TO APPEAR TO TESTIFY AS A WITNESS** in this proceeding before a Judge of the State Bar Court at the following time and place:

     **Date:** August 15, 2012      **Time:** 1:30 p.m.      **Place:** THE STATE BAR COURT
                                                                  1149 South Hill Street
                                                                    Los Angeles, California 90015-2299
                                                                    Telephone: (213) 765-1000

2. **YOU ARE FURTHER ORDERED AS FOLLOWS:**

A. ☐    This subpoena is directed to a **financial institution.** The production of financial records described in this subpoena is consistent with the scope and requirements of the above entitled State Bar proceeding. You are ordered to produce the financial records described in attachment #1.

B. ☐    **Trust Account Records.** There is reasonable cause to believe that the financial records described in attachment #1 pertain to trust accounts which the member of the State Bar of California who is the subject of these proceedings must maintain in accordance with the California Rules of Professional Conduct. All members of the State Bar have irrevocably authorized disclosure of trust account records to the State Bar of California by operation of law (California Business and Professions Code section 6069(a)).

C. ☐    **Non-Trust Financial Records and Other Records.** You are ordered to produce the documents and things described in attachment #1. A declaration in support of this request is appended hereto as attachment #2.

D. ☒    **Ordered to Appear in Person**

E. ☐    Not requested to appear in person; however, you are **ordered to produce true, legible, and durable copies of the documents described in** attachment #1, along with an affidavit of the Custodian of Records, in lieu of personal appearance pursuant to California Evidence Code sections 1271 and 1560 et seq. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date and time, and place from paragraph 1 above. (3) Place this first envelope in an outer envelope, seal it and mail it to the Clerk of the State Bar Court at 1149 South Hill Street, Los Angeles, California 90015-2299. (4) Mail a copy of your declaration to the undersigned as The State Bar of California, 1149 South Hill Street, Los Angeles, California 90015-2299.

3. You are entitled to witness fees and mileage actually traveled both ways as provided by law. Evidence Code section 1563 governs witness fees for production of business records.

4. The State Bar is not required to issue notices to consumers (California Code of Civil Procedure section 1985.3(a)(3)).

5. **IF YOU HAVE ANY QUESTIONS ABOUT THIS SUBPOENA, YOU MAY CONTACT PATRICIA CASTAÑEDA BEFORE THE DATE ON WHICH YOU ARE TO APPEAR AT (213) 765-1406. DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT OF COURT IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA.**
Date issued: July 27, 2012

                                                          WILLIAM S. TODD, Deputy Trial Counsel

*EXHIBIT A*

**Exhibit E, Page 6**

| 1 | **DECLARATION OF SERVICE BY UNITED STATES POSTAL SERVICE** |
|---|---|

2 **CASE NUMBER: 10-C-07932**

3    I, the undersigned, over the age of eighteen (18) years, whose business address and place
of employment is the State Bar of California, 1149 South Hill Street, Los Angeles, California
4 90015, declare that I am not a party to the within action; that I am readily familiar with the State
Bar of California's practice for collection and processing of correspondence for mailing with the
5 United States Postal Service; that in the ordinary course of the State Bar of California's practice,
correspondence collected and processed by the State Bar of California would be deposited with
6 the United States Postal Service that same day; that I am aware that on motion of party served,
service is presumed invalid if postal cancellation date or postage meter date on the envelope or
7 package is more than one day after date of deposit for mailing contained in the affidavit; and that
in accordance with the practice of the State Bar of California for collection and processing of
8 mail, I deposited or placed for collection and mailing in the City and County of Los Angeles, on
the date shown below, a true copy of the within

9

10 **TRIAL SUBPOENA**

11 in a sealed envelope placed for collection and mailing at Los Angeles, on the date shown below,
addressed to:

12
       **Jeffrey Alan Dickstein**
13     **3263 S Erie Ave**
       **Tulsa, OK 74135**

14

15    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

16

17 DATED: July 27, 2012              Signed: Paula Heider
                                            Paula Heider
18                                          Declarant

19

20

21

22

23

24

25

26

27              Exhibit A, page 2

28                        -1-

In the Matter of

Case No(s).   00-C-_____

JEFFREY A. DICKSTEIN

Member No. 70636.

MINUTE ORDER

A Member of the State Bar

Date:   August 8, 2012
Time:   1:30 p.m.

APPEARANCES

[illegible]

[ ] Case submitted on [ ] culpability [ ] discipline [ ] culpability/discipline

[x] Case continued to Trial on October 30, 2012 @ 1:30 p.m. and October 31, 2012 @ 10:00 a.m.

[ ] _____ [ ] Deputy Trial Counsel _____

[ ] Motion of [ ] Deputy Trial Counsel [ ] Respondent/Applicant [ ] Other Bar _____
    [ ] No opposition  [ ] Granted  [ ] Denied

[ ] _____ [ ] off calendar due to _____
    [ ] continued to _____

[ ] Parties make service of order.

[x] Other: Respondent's August 3, 2012 motion to quash and [illegible] heard and [illegible] the granting of that motion. Respondent's only source of income is social security and [illegible], he is unable to [illegible] appearing at trial. He has requested to appear telephonically and that is something the court is not willing to [illegible] continued the trial so that respondent has an opportunity to raise [illegible] and to [illegible] explore ways of getting to his trial in person. The September 11 & 12 trial dates are vacated. The court will issue a further order re respondent's pending motion upon receiving Response from the [illegible] by August 15, 2012.

IT IS SO ORDERED.

Dated:  August 8, 2012

Pat McElroy
Pat McElroy
Judge of the State Bar Court

THE STATE BAR COURT

JEFFREY A. DICKSTEIN
Cal. Bar No. 70638
3263 S Erie Ave
Tulsa, OK 74135
(918) 271-3374

**FILED**

AUG 2 0 2012

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

STATE BAR COURT OF CALIFORNIA

HEARING DEPARTMENT - SAN FRANCISCO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 10-C-07932-PEM |
| | ) | |
| JEFFREY ALAN DICKSTEIN, | ) | MOTION TO QUASH NOTICE IN |
| | ) | LIEU OF SUBPOENA |
| A Member of the State Bar, No. 70638. | ) | |
| | ) | Status Conf: Aug. 20, 2012, 9:30 a.m. |

Comes now Jeffrey Alan Dickstein (hereinafter "Dickstein") who moves the Court for an

order quashing the Notice in Lieu of Subpoena dated August 10, 2012, a copy of which is

attached hereto as Exhibit A.[1] In support thereof, the following showing is made.

**FACTS:**

1.    On Tuesday, August 14, 2012, Dickstein received in his mailbox at his residence,

3263 Erie Ave, Tulsa, OK, an envelope from William S. Todd, Deputy Trial Counsel for the

State Bar of California.

2.    The envelope contained only a document, purportedly signed by William S. Todd,

a Deputy Trial Counsel on behalf of the Office of the Chief Trial Counsel, entitled "Notice in

Lieu of Subpoena.

3.    The Notice in Lieu of Subpoena states that it was made under the authority of

---

1.    Neither the order of objections presented, nor their inclusion, shall be deemed to
      be a waiver of those objections that might be inconsistent with others, nor shall it
      be a waiver of Dickstein' continuing challenge to the jurisdiction of the State Bar
      Court and the State of California.

Code of Civil Procedure Section 1987. See Exhibit A.

## AUTHORITY:

State Bar of California Rule of Procedure 5.62 governs "Trial Subpoenas." It states:

(A) Who May Issue a Subpoena. Any party may issue trial subpoenas under Business and Professions Code §§ 6049(c) and 6085 and Code of Civil Procedure § 1985. **And any party may compel another party to testify or produce documents at trial by serving a notice to appear under Code of Civil Procedure § 1987.** [Emphasis added.]

California Code of Civil Procedure § 1987(a) pertains to the service of a subpoena;

section 1987(b) pertains to a notice in lieu of subpoena:

(b) **In the case of the production of a party to the record of any civil action or proceeding** or of a person for whose immediate benefit an action or proceeding is prosecuted or defended or of anyone who is an officer, director, or managing agent of any such party or person, **the service of a subpoena upon any such witness is not required if written notice requesting the witness to attend before a court, or at a trial of an issue therein, with the time and place thereof, is served upon the attorney of that party or person.** The notice shall be served at least 10 days before the time required for attendance unless the court prescribes a shorter time. **If entitled thereto, the witness, upon demand, shall be paid witness fees and mileage before being required to testify. The giving of the notice shall have the same effect as service of a subpoena on the witness, and the parties shall have those rights and the court may make those orders, including the imposition of sanctions, as in the case of a subpoena for attendance before the court.**

Cal. Code Civ. Proc. 1987(b) [emphasis added].

California Code of Civil Procedure § 1989 excludes the jurisdiction to compel

Dickstein's attendance through a Notice in Lieu of Subpoena just as it precludes attendance by

subpoena:

A witness, **including a witness specified in subdivision (b) of Section 1987, is not obliged to attend as a witness before any court, judge, justice or any other officer, unless the witness is a resident within the state at the time of service.**

2

Cal. Code Civ. Proc. 1989 [emphasis added].

## ARGUMENT:

The State Bar, its Courts, officers and employees, including the Office of Chief Trial

Counsel, all lack jurisdiction to compel Dickstein's attendance at trial, by Trial Subpoena or

Notice in Lieu of Subpoena, because Dickstein is not resident in the State of California.

WHEREFORE, Dickstein moves the Court for an order quashing the Notice in Lieu of

Subpoena.

Dated: August 15, 2012.

_____
Jeffrey A. Dickstein

## AFFIDAVIT OF SERVICE

I, Kellie Ward, a person over the age of 18 years and not a party to this action, residing at

4400 W. Princeton St, Broken Arrow, OK 74012, in Tulsa County, served by mail in said county,

a copy of the foregoing Motion to Quash Notice in Lieu of Subpoena, by depositing in the United

States mail, on August 15, 2012, a sealed envelope containing said document with postage

thereon fully prepaid, addressed to:

Deputy Trial Counsel William Todd
State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct. Executed on August 15, 2012 at Tulsa, Oklahoma.

3

Kellie Ward

4

STATE BAR OF CALIFORNIA
OFFICE OF THE CHIEF TRIAL COUNSEL
JAYNE KIM, No. 174614
CHIEF TRIAL COUNSEL
JOSEPH R. CARLUCCI, No. 172309
DEPUTY CHIEF TRIAL COUNSEL
CHARLES A. MURRAY, No. 146069
ACTING ASSISTANT CHIEF TRIAL COUNSEL
WILLIAM TODD, No. 259194
DEPUTY TRIAL COUNSEL
1149 South Hill Street
Los Angeles, California 90015-2299
Telephone: (213) 765-1491

# STATE BAR COURT

## HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of: | ) Case No. 10-C-07932 |
| | ) |
| JEFFREY ALAN DICKSTEIN, | ) NOTICE IN LIEU OF SUBPOENA |
| No. 70638, | ) |
| | ) |
| | ) |
| A Member of the State Bar. | ) |

TO:   Jeffrey Alan Dickstein, Respondent herein:

Please take notice that pursuant to *Code of Civil Procedure* section 1987, the State Bar of

California requests the attendance of Respondent, Jeffrey Alan Dickstein, at the trial in the

above-entitled matter, at 1:30 p.m. on October 30, 2012 or as otherwise scheduled by the Court,

at the State Bar Court, Los Angeles:

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF THE CHIEF TRIAL COUNSEL

DATED: August 10, 2012      BY: _____
William Todd
Deputy Trial Counsel

*EXHIBIT A -1- p1*          **Exhibit G, Page 5**

# DECLARATION OF SERVICE BY UNITED STATES POSTAL SERVICE

**CASE NUMBER: 10-C-07932**

I, the undersigned, over the age of eighteen (18) years, whose business address and place of employment is the State Bar of California, 1149 South Hill Street, Los Angeles, California 90015, declare that I am not a party to the within action; that I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service; that in the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day; that I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit; and that in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles, on the date shown below, a true copy of the within

**NOTICE IN LIEU OF SUBPOENA**

in a sealed envelope placed for collection and mailing at Los Angeles, on the date shown below, addressed to:

**Jeffrey Alan Dickstein
3263 S Erie Ave
Tulsa, OK 74135**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

DATED:  August 10, 2012          Signed: _Paula Heider_____
Paula Heider
Declarant

_EXHIBIT A p-2_

**Exhibit G, Page 6**

1  STATE BAR OF CALIFORNIA
   OFFICE OF THE CHIEF TRIAL COUNSEL
   JAYNE KIM, No. 174614
2  CHIEF TRIAL COUNSEL
   JOSEPH R. CARLUCCI, No. 172309
3  DEPUTY CHIEF TRIAL COUNSEL
   CHARLES A. MURRAY, No. 146069
4  ACTING ASSISTANT CHIEF TRIAL COUNSEL
   WILLIAM TODD, No. 259194
5  DEPUTY TRIAL COUNSEL
   1149 South Hill Street
6  Los Angeles, California 90015-2299
   Telephone: (213) 765-1491
7

8

9
                          STATE BAR COURT
10
                 HEARING DEPARTMENT - LOS ANGELES
11

12
   In the Matter of:                    ) Case No. 10-C-07932
13                                       )
   JEFFREY A. DICKSTEIN,                 ) NOTICE TO COURT RE TELEPHONIC
14 No. 70638,                            ) APPEARANCE AT TRIAL
                                         )
15                                       )
   A Member of the State Bar.            )
16                                       )
                                         )
17 ─────────────────────────────────────)

18     The State Bar of California, appearing by and through Deputy Trial Counsel William

19 Todd, hereby provides the following notice to court. The State Bar has today filed and served a

20 "Notice in Lieu of Subpoena" compelling Respondent's personal appearance at trial in this

21 matter in the State Bar Court at 1149 South Hill Street, Los Angeles, CA 90015 on October 30,

22 2012 at 1:30 p.m. To that end, the State Bar objects to any form of remote appearance

23 Respondent may request, such as appearing by telephone or video conference, and should

24 Respondent fail to appear the State Bar will move for entry of his default. The State Bar remains

25 ///

26 ///

27 ///

28 ///

   EXHIBIT B- p1 -1-                    **Exhibit G, Page 7**

1 willing to resolve the case for discipline consistent with *In re Ross* (1990) 51 Cal.3d 451, should

2 Respondent so desire.

3

4
                                    Respectfully submitted,
5
                                    THE STATE BAR OF CALIFORNIA
6                                   OFFICE OF THE CHIEF TRIAL COUNSEL

7

8
  DATED: August 10, 2012          By
9                                     William Todd
                                      Deputy Trial Counsel
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        EXHIBIT B- p2 -2-                    **Exhibit G, Page 8**

## DECLARATION OF SERVICE BY UNITED STATES POSTAL SERVICE

**CASE NUMBER: 10-C-07932**

I, the undersigned, over the age of eighteen (18) years, whose business address and place of employment is the State Bar of California, 1149 South Hill Street, Los Angeles, California 90015, declare that I am not a party to the within action; that I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service; that in the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day; that I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit; and that in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles, on the date shown below, a true copy of the within

## NOTICE TO COURT RE TELEPHONIC APPEARANCE AT TRIAL

in a sealed envelope placed for collection and mailing at Los Angeles, on the date shown below, addressed to:

**Jeffrey Alan Dickstein**
**3263 S Erie Ave**
**Tulsa, OK 74135**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California, on the date shown below.

DATED: __August 10, 2012__      Signed: _Paula Heider_

Paula Heider
Declarant

*EXHIBIT B p9*

-1-

**Exhibit G, Page 9**

FILED 

AUG 2 8 2012

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT – SAN FRANCISCO

| | | |
|---|---|---|
| In the Matter of | ) | Case No.: **10-C-07932-PEM** |
| | ) | |
| **JEFFREY ALAN DICKSTEIN,** | ) | |
| | ) | **ORDER DENYING MOTION TO QUASH** |
| **Member No. 70638,** | ) | **NOTICE IN LIEU OF SUBPOENA AND** |
| | ) | **MOTION TO APPEAR AT TRIAL BY** |
| A Member of the State Bar. | ) | **TELEPHONE** |

This matter is before the court on respondent JEFFREY ALAN DICKSTEIN'S August

20, 2012 motion to quash notice to appear in lieu of subpoena and July 19, 2012 motion to

appear at trial by telephone or computer interface.[1]

In his motion to quash, respondent seeks an order quashing the notice in lieu of subpoena

that the State Bar served on respondent by mail on August 10, 2012, contending that the notice is

ineffective under Code of Civil Procedure section 1989. Even if the August 10, 2012 notice to

appear is ineffective under section 1989 to compel respondent's appearance at trial under the

peril of contempt, the notice to appear is effective for all other purposes, including Rules of

Procedure of the State Bar, rules 5.62(A), 5.81, and 5.100.

/ / /

/ / /

---

[1] Respondent inartfully titled his motion to appear at trial by telephone or computer
interface as a "motion regarding State Bar rules 5.81, 5.82, 5.100 and Bus. & Prof. Code,
§ 6086."

Rule 5.100 provides as follows:

> A member has an obligation to appear at trial unless a default has been entered and has not been vacated. Unless properly served with a trial subpoena or notice to appear at trial, the member may appear through counsel rather than in person.

As rule 5.100 makes clear, respondent has an obligation to appear at trial in this proceeding. (See also Bus. & Prof. Code, §§ 6068, subd. (i), 6111.) In addition, the State Bar has the right to question respondent in person at trial. (Rules Proc. of State Bar, rules 5.62(A), 5.100.)

Respondent's purported financial inability to travel to California for trial does not negate his professional obligation as a member of the State Bar of California to appear at trial or override the State Bar's right to question respondent in person. Nor does respondent's purported financial inability to travel to California preclude the court from entering his default if he fails to appear at trial.

In short, because respondent has been properly served with a notice to appear at trial, he must personally appear when his case is called for trial; otherwise, his default will be entered if the requirements of Rules of Procedure of the State Bar, rule 5.81(A) are satisfied.

## ORDER

The court orders that respondent's August 20, 2012 motion to quash notice to appear in lieu of subpoena and July 19, 2012 motion to appear at trial by telephone or computer interface are both **DENIED**.

Dated: August 27, 2012.

**PAT McELROY**
Judge of the State Bar Court

- 2 -

FILED 

SEP 2 4 2012

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

# STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT – SAN FRANCISCO

| | | |
|---|---|---|
| In the Matter of | ) | Case No.: **10-C-07932-PEM** |
| | ) | |
| **JEFFREY ALAN DICKSTEIN,** | ) | **ORDER DENYING RESPONDENT'S** |
| | ) | **MOTION TO ABATE PENDING** |
| Member No. 70638, | ) | **FEDERAL CASE RESOLUTION** |
| | ) | |
| A Member of the State Bar. | ) | |

On September 14, 2012, respondent Jeffrey Alan Dickstein (respondent) filed a motion to abate this matter (motion), pending resolution of a federal case which was filed by respondent on September 6, 2012.

After reviewing and considering respondent's motion and rule 5.50 of the Rules of Procedure of the State Bar, the court **DENIES** respondent's motion, no good cause for abatement having been shown.

Respondent or his counsel must appear at trial on this matter or the court will enter respondent's default for failing to appear at trial.

**IT IS SO ORDERED.**

Dated: September 24, 2012

PAT McELROY
Judge of the State Bar Court

**Exhibit I, Page 1**