1  Jeffrey A. Dickstein
   E-mail: jdlaw47@yahoo.com
2  3263 S Erie Ave
   Tulsa OK 74135
3  Telephone: (918) 271-3374
   Facsimile: None
4

5  Jeffrey A. Dickstein, Plaintiff
   appearing Pro Se
6



FILED

OCT 1 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY A. DICKSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.<br><br>    Defendants. | CASE NO. 12-CV-4676 EDL<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION<br><br>Date: October 16, 2002<br>Time: 9:00 a.m.<br>Courtroom E - 15th Floor<br>Magistrate Judge Elizabeth D. Laporte |

Comes now Plaintiff Jeffrey A. Dickstein (hereinafter referred to as "Dickstein") who submits the following Memorandum of Points and Authorities in Support of his Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re Preliminary injunction.

**I.   NINTH CIRCUIT STANDARDS FOR GRANTING INJUNCTIVE RELIEF.**

The standards in the Ninth Circuit for obtaining a temporary restraining order are identical to those for obtaining a preliminary injunction. *State of Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir. 1988). Dickstein is entitled to preliminary injunctive relief if he shows (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in favor of issuing an injunction; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 10, 129 S.Ct. 365 (2008). A preliminary injunction is a way to preserve the status quo and prevent irreparable loss of rights before judgment. *See, e.g.,*

1

Case No. 12-CV-4676 EDL      Plaintiff's Decl in Support of Ex Parte Motion for TRO

*Textile Unlimited, Inc. v. A. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Indeed, public interest favors injunctive relief to remedy the violation of Fourteenth Amendment rights by state actors:

> Congress enacted § 1983 and its predecessor, § 2 of the Civil Rights Act of 1866, 14 Stat. 27, to provide an independent avenue for protection of federal constitutional rights. The remedy was considered necessary because "state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights." *Mitchum v. Foster*, 407 U.S. 225, 240 (1972). *See also Pierson v. Ray*, 386 U.S., at 558-564 (dissenting opinion) (every Member of Congress who spoke to the issue assumed that judges would be liable under § 1983).
>
> Subsequent interpretations of the Civil Rights Acts by this Court acknowledge Congress' intent to reach unconstitutional actions by all state actors, including judges...Since a State acts only by its legislative, executive, or judicial authorities, the constitutional provision must be addressed to those authorities, including the State's judges. Section 4 was an exercise of Congress' authority to enforce the provisions of the Fourteenth Amendment and, like the Amendment, reached unconstitutional state judicial action.

*Pulliam v. Allen*, 466 U.S. 522, 540-41, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Neither judicial immunity (*Mullis v. U.S. Bankruptcy Ct*, 828 F.2d 1385, 1391 (9th Cir. 1987) nor the anti-injunction statute, 28 U.S.C. § 2283 (*Mitchum v. Foster*, 407 U.S. 225, 242-43, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) bars this Court's granting the requested injunction against Defendant State Bar Court of the State of California, especially when the suit is based upon the absence of statutory authority. *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 690, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982).

## II. THE STATE BAR COURT OF CALIFORNIA ONLY POSSESSES STATUTORY AUTHORITY IN CONVICTION PROCEEDINGS.

> The State Bar Court exercises **STATUTORY POWERS** under Business and Professions Code sections 6101 and 6102 with respect to the discipline of attorneys convicted of crimes. (See Bus. & Prof. Code section 6087.) For purposes of this rule, a judgment of conviction is deemed final when the availability of appeal has been exhausted and the time for filing a petition for certiorari in the United States Supreme Court on direct review of the judgment of conviction has elapsed and no petition has been filed, or if filed the petition has been denied or the judgment of conviction has been affirmed. The State Bar Court must impose or recommend discipline in conviction matters as in other disciplinary proceedings. The power conferred upon the State Bar Court by this rule includes the power to place attorneys on interim suspension under subdivisions (a) and (b) of section 6102, and the power to vacate, delay the effective date of, and temporarily stay the effect of such orders. [Emphasis added.]

California Rule of Court 9.10(a).

### III. CAL. BUS. & PROF. CODE § 6102(e) MANDATES DISMISSAL OF A MISDEMEANOR CONVICTION PROCEEDING IN THE ABSENCE OF A FINDING OF MORAL TURPITUDE.

The mandatory statutory requirement to dismiss a conviction proceeding for a misdemeanor that does not involve moral turpitude is unmistakable:

> (e) Except as provided in subdivision (c),[1] if...**the court finds that the crime of which the attorney was convicted, or the circumstances of its commission, involved moral turpitude, it shall enter an order disbarring the attorney or suspending him or her from practice for a limited time, according to the gravity of the crime and the circumstances of the case; otherwise it shall dismiss the proceedings**. [Emphasis added.]

Cal. Bus. & Prof. Code § 6102(e).

### IV. THE POSITION OF DEFENDANT STATE BAR COURT THAT IT POSSESSES THE SUPREME COURT'S INHERENT AUTHORITY IN CONVICTION PROCEEDINGS AND/OR THAT IT NEED NOT OBEY THE MANDATE OF SECTION 6102(e) IS MERITLESS.

In its Order Denying Memorandum Seeking Dismissal for Want of Jurisdiction, Exhibit C[2], Defendant State Bar Court takes the position that:

> The Supreme Court cases under sections 6101 and 6102 that have involved the other-misconduct-warranting-discipline standard (e.g., *In re Kelley* (1990) 52 Cal.3d 487,492; *In reStrick* (1983) 34 Cal.3d 891,897; *In re Higbie* (1972) 6 Cal.3d 562,569; *In re Langford* (1966) 64 Cal.2d 489,490) have effectively amended sections 6101 and 6102 so that those two sections are read to include not only the moral-turpitude standard, but also the other-misconduct warranting-discipline standard.

Exhibit C, p. 2.

In every conviction proceedings in which the California Supreme Court has addressed the issue of "other misconduct warranting discipline," the Supreme Court used as its authority, its "inherent powers":

---

1. Cal. Bus. & Prof. Code § 6102(c) commands the Supreme Court to summarily disbar an attorney convicted of a felony if an element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement, or involved moral turpitude.

2. All references herein to exhibits are to the exhibits attached to Plaintiff's Ex Parte Motion for Temporary Restraining Order filed concurrently herewith.

3

Case No. 12-CV-4676 EDL        Plaintiff's Decl in Support of Ex Parte Motion for TRO

> This court possesses inherent powers to discipline a wayward attorney whether or not his misconduct involves moral turpitude. Our inherent powers are not limited by our interpretation of statutory provisions to the effect that criminal conduct unrelated to an attorney's professional responsibilities does not constitute grounds for discipline unless it involves moral turpitude, dishonesty or corruption within the meaning of section 6106.

*In re Rohan*, 21 Cal.3d 195, 202 (1978);

> The "other misconduct warranting discipline" standard permits discipline of attorneys for misconduct not amounting to moral turpitude as an exercise of our inherent power to control the practice of law to protect the profession and the public. (See, e.g., *In re Carr* (1988) 46 Cal.3d 1089 [252 Cal.Rptr. 24, 761 P.2d 1011]; *In re Rohan* (1978) 21 Cal.3d 195, 203 [145 Cal.Rptr. 855, 578 P.2d 102] [lead opn. by Clark, J.]

*In re Kelly*, 52 Cal.3d 487, 494 (1990).

### A. The State Bar Court Does Not Possess Any of the California Supreme Court's "Inherent Authority."

"The State Bar acts as the administrative arm of the California Supreme Court in all matters related to attorney admission and discipline in California. State Bar Rule 1.2. It exercises no judicial powers in the consideration of matters of disbarment or discipline. See *Brydonjack v. State Bar*, 208 Cal. 439, 445 (1929).

> The State Bar Act did not delegate to the State Bar, the Legislature, the executive branch, or any other entity our [Supreme Court's] inherent judicial authority over the discipline of attorneys.

*In re Attorney Discipline System*, 19 Cal.4th 582, 601 (1998).

### B. The State Bar Court's Contention That It Need Not Obey The Mandate of Section 6102(e) Is Contrary to Settled Law.

In the California Supreme Court case of *In re Paguirigan*, 25 Cal.4th 1 (2001), an attorney who had been convicted of felony forgery and was, therefore, subject to summary disbarment pursuant to Section 6102(c), argued she was nonetheless entitled to a hearing in the State Bar Court based upon Supreme Court precedent of it's granting a hearing in some circumstances. *Paguirigan, id.* at p.4 In rejecting the attorney's contention that the State Bar Court could ignore the mandatory summary disbarment provisions of Section 6102(c) under its inherent authority, the Supreme Court stated:

> Equally meritless is petitioner's assertion, first raised in her reply brief, that we delegated our inherent authority over attorney discipline to the State Bar Court, thus giving the State Bar Court discretion to conduct an evidentiary hearing even when, as here, the requirements of the summary disbarment statute are met, and to recommend to this court imposition of discipline less than disbarment. The first sentence of rule 951(a)[3] of the California Rules of Court states that the "State Bar Court *shall* exercise statutory powers pursuant to Business and Professions Code sections 6101 and 6102 with respect to the discipline of attorneys convicted of crimes." (Italics added.) Section 6102 is clear: Disbarment is mandatory if, as in this case, the felony of which the attorney is convicted meets the statutory requirements.
>
> Petitioner nevertheless insists that the State Bar Court can hold an evidentiary hearing to determine whether discipline less than disbarment is warranted. In support, petitioner quotes this sentence in rule 951(a) of the California Rules of Court: "The State Bar Court shall impose or recommend discipline in conviction matters as in other disciplinary proceedings." Contrary to petitioner's assertion, it does not follow that because evidentiary hearings are held in cases not within section 6102(c), that they must also be held in cases that are within section 6102(c). The first sentence of Rule 951(a) directs the State Bar Court to "exercise statutory powers pursuant to Business and Professions Code section 6101 and 6102 . . . ." The rule cannot be read, as petitioner argues, as authorizing the State Bar Court to ignore the summary disbarment mandate of section 6102(c), one of the very provisions it is directed to implement. Thus, when an attorney's conviction meets the criteria of section 6102(c), the State Bar Court must recommend summary disbarment to this court.

*In re Paguirigan*, 25 Cal.4th at pp. 8-9.

*Paguirigan* conclusively puts to rest the Defendant State Bar Court's contention that it has any authority whatsoever to ignore the mandatory requirement of Section 6102(e) to dismiss the conviction proceeding in the absence of a finding of moral turpitude. The conduct of Defendant State Bar Court in conducting a hearing on the issue of "other misconduct warranting discipline" is in direct contravention of the mandate of Section 6102(e), and is in excess of it's statutory authority.

### IV. DENYING DICKSTEIN ACCESS TO THE STATE BAR COURT BASED UPON HIS LACK OF FINANCES TO TRAVEL FROM OKLAHOMA TO CALIFORNIA VIOLATES U.S. CONST. AMEND. XIV.

Cal. Bus. & Prof. Code § 6068 states in relevant part:

> The board may provide by rule that alleged facts in a proceeding are admitted upon . . . failure to appear at formal hearing

---

3. Now California Rule of Court 9.10(a).

5

Pursuant to Section 6068, the following rules were adopted:

State Bar Rule 5.100:

> A member has an obligation to appear at trial unless a default has been entered and has not been vacated. Unless properly served with a trial subpoena or notice to appear at trial, the member may appear through counsel rather than in person.

State Bar Rule 5.81(A):

> If the member fails to appear in person or by counsel at the trial, the Court must order the entry of the member's default.

State Bar Rule 5.82:

> If the Court enters a member's default:
>
> (1) the member will be enrolled as an inactive member of the State Bar and will not be permitted to practice law;
>
> (2) the facts alleged in the notice of disciplinary charges will be deemed admitted;
>
> (3) except as allowed by these rules or ordered by the Court, the member will not be permitted to participate further in the proceeding and will not receive any further notices or pleadings unless the default is set aside on timely motion or by stipulation; and
>
> (4) the Court will recommend that the member be disbarred.

Accordingly, if Dickstein has the funds to either hire an attorney or to personally appear at the trial, he would be allowed to defend the charges against him. Also accordingly, if Dickstein does not have the funds to either hire an attorney or to personally appear at trial, Dickstein will not be allowed to defend; he would be summarily deemed guilty of the charges against him leading to mandatory disbarment.

The State of California public policy of depriving a litigant access to the court based upon their economic means is set by statute:

> That our legal system cannot provide "equal justice under law" unless all persons have access to the courts without regard to their economic means.

Cal. Gov. Code § 68630(a).

Denying Dickstein access to the State Bar Court to defend the charges against him solely on his lack of funds is an abuse of the State Bar Court's discretion and a violation of due process

6
Case No. 12-CV-4676 EDL                    Plaintiff's Decl in Support of Ex Parte Motion for TRO

of law:

> In requiring a security bond for defendant's costs, care must be taken not to deprive a plaintiff of access to the federal courts. To do so has serious constitutional implications. Our statutes and case law make it evident that we studiously avoid limitation of access to the courts because of a party's impecunious circumstance.

*Simulnet East Assoc. v. Ramada Hotel Operating*, 37 F.3d 573, 575-76 (9th Cir. 1994). Although the case dealt with requiring a bond for security, the principle is applicable and controlling here.

This principle is more fully set forth in *Gay v. Chandra*, 682 F.3d 590 (7th Cir. 2012):

> On appeal Gay contends that the district court abused its discretion by requiring him to post a cost bond that it knew he could not afford. He argues that the bond requirement effectively blocked his access to the courts, a result he asserts is contrary to basic principles of due process.

*Gay*, 682 F.3d at p. 593.

> As we explain below, before requiring a bond to cover costs under Rule 54(d), a court must consider a party's ability to pay. A court abuses its discretion when it requires a cost bond that it knows the party cannot afford.

*Gay, id.*

> We have never addressed directly whether a court must consider a party's current ability to afford a bond before requiring one as a condition of prosecuting a lawsuit, but the weight of authority from other circuits supports Gay's argument that a court may not ignore an indigent litigant's inability to pay. The First Circuit concluded that a district court abuses its discretion when it does not consider a plaintiff's financial situation before imposing a cost bond. *Murphy v. Ginorio*, 989 F.2d 566, 568–69 (1st Cir.1993); *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 727–28 (1st Cir.1984). To do otherwise, the court explained, "comes dangerously close to making judicial access a privilege for only the most financially secure." *Murphy*, 989 F.2d at 569. The First Circuit instructs courts to weigh (1) the merits of the case, (2) the prejudice to the defendant of not requiring a bond, and (3) the prejudice to the plaintiff of requiring a bond. *Aggarwal*, 745 F.2d at 727–28.
>
> The Ninth Circuit has cited the *Aggarwal* factors with approval and has cautioned that in imposing a bond, "care must be taken not to deprive a plaintiff of access to the federal courts." *Simulnet East Assocs.*, 37 F.3d at 575–76. When a court requires a bond it knows a plaintiff cannot pay, the Ninth Circuit reasoned, it is essentially granting judgment to the defendant without allowing the judicial process to run its normal course. *Id.* at 576. And the Second Circuit has also implied that a plaintiff's ability to pay should factor into a court's decision whether to impose a bond. *See Selletti*, 173 F.3d at 111 n. 9 (finding no abuse of discretion in imposing bond on plaintiff who did not argue that amount of bond "would effectively preclude compliance").

*Gay*, 682 F.3d at pp. 594-95.

Here not only did Dickstein establish his inability to personally attend the trial or hire an attorney when he provided Defendant State Bar Court with his Affidavit of Financial Status, Defendant State Bar Court specifically found that "Respondent's only source of income is social security and therefore, he is unable to afford the cost of appearing at trial." Exhibit F.

Dickstein is entitled to due process in this "Conviction Proceeding" that contemplates the loss of his license to practice law:

> Petitioner, however, is entitled to procedural due process in proceedings which contemplate the deprivation of his license to practice his profession. (*In re Ruffalo, supra*, 390 U.S. 544; *Emslie v. State Bar, supra*, 11 Cal.3d 210, 229.)

*In re Strick*, 34 Cal.3d 891, 899 (1988). Defendant State Bar Court's stated intention to hold Dickstein in default for failing to appear at the trial scheduled for October 30, 2012, and thereafter his summary disbarment because of that default, deprives him of both procedural and substantive due process of law.

The Fourteenth Amendment of the United States Constitution holds, "No state shall make or enforce any law which shall...deny to any person within its jurisdiction the equal protection of the laws." The equal protection clause guarantees that similar individuals will be dealt with in a similar manner by the government. The combination of Cal. Bus. & Prof. Code § 6068 and State Bar Rules 5.81, 5.82 and 5.100 violate the Fourteenth Amendment when Defendant State Bar Court discriminates against Dickstein by denying him access to the court based upon his lack of funds to travel from Oklahoma to California or to hire an attorney. The interference with Dickstein's fundamental right to due process based upon his indigency violates Dickstein's right to equal protection of the law.

### V. IN THE ABSENCE OF AN INJUNCTION, DICKSTEIN WILL SUFFER IRREPARABLE HARM.

Application of State Bar Rule 5.82, which precludes any further participation in the case after entry of default, imposes a procedural barrier that eliminates any and all opportunity Dickstein would otherwise have to contest the actions of Defendant State Bar Court's violation of his federal right to due process and equal protection of the law. State Bar Rule 5.83 only allows Dickstein to move to set aside the default because of mistake, inadvertence, surprise or

8

Case No. 12-CV-4676 EDL    Plaintiff's Decl in Support of Ex Parte Motion for TRO

excusable neglect. That standard is clearly not applicable here.

## VI. *HIRSH V. JUSTICES OF SUPREME COURT OF CALIFORNIA*, 67 F.3d 708, 711 (9TH CIR. 1995).

Dickstein alerts the Court to the case of *Hirsh v. Justices of Supreme Court of California*, 67 F.3d 708 (9th Cir.1995), in which the Ninth Circuit raised the *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) abstention doctrine in a case brought by California attorneys seeking injunctive and declaratory relief in an ongoing disciplinary action. The Ninth Circuit correctly noted that:

> Absent "extraordinary circumstances", abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).

*Hirsh*, 67 F.3d at 712.

Unlike *Hirsh*, however, Dickstein's case raises "extraordinary circumstances" in that the state proceedings will not provide him an adequate opportunity to litigate any issue, much less his federal constitutional claims. As noted hereinabove, Defendant State Bar Court has stated its intent to hold Dickstein in default, and recommend his disbarment, based upon his lack of financial ability to appear in California, which default will preclude him from any further participation in the proceedings. So too, the State Bar Court's lack of statutory authority to find Dickstein committed some "other misconduct warranting discipline, by default or otherwise, constitutes an "extraordinary circumstance." Application of the abstention doctrine under these facts nullify Congressional intent in passing the Civil Rights Act as well as the holdings of *Pulliam, supra*; *Mullis, supra*; *Mitchum, supra*; and *Florida Dept. of State, supra*.

WHEREFORE, Dickstein moves the Court for an Order granting his Motion for Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re Preliminary injunction.

Dated: October 12, 2012.

Jeffrey A. Dickstein
Plaintiff pro se

9

Case No. 12-CV-4676 EDL       Plaintiff's Decl in Support of Ex Parte Motion for TRO

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, at Tulsa, Oklahoma, I served Defendant State Bar Court by United States Post Office overnight mail, addressed as follows:

State Bar Court
180 Howard Street, 6th Floor
San Francisco, CA 94105-1639

Jeffrey A. Dickstein