IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY A. DICKSTEIN,

    Plaintiff,

v.

STATE BAR OF CALIFORNIA, et al.,

    Defendants.

No. C-12-4676 MMC

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

    Before the Court is plaintiff Jeffrey A. Dickstein's "Ex Parte Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction," filed October 15, 2012. Having read and considered the motion, the Court rules as follows.

    In his complaint, plaintiff alleges that defendants, which consist of the State Bar of California ("State Bar"), the State Bar Court ("Bar Court"), officials and employees of each of said entities, as well as the California Supreme Court and the justices thereof, have violated plaintiff's federal rights. Specifically, plaintiff alleges, defendants have violated his First Amendment rights by requiring him to pay dues to the State Bar and instituting disciplinary proceedings against him even though he has resigned from the State Bar (see Compl. ¶¶ 21, 29-30, 91, 98), defendants have violated his equal protection and due process rights by taking the position that the State Bar has the statutory authority to determine whether plaintiff has engaged in misconduct warranting discipline (see Compl.

¶¶ 84-85, 103, 109), and defendants, if they subject plaintiff to a Rule of Procedure of the State Bar allowing a judge to enter an attorney's default if he fails to appear at a noticed disciplinary hearing, will violate plaintiff's equal protection and due process rights because, plaintiff asserts, he lack funds to travel to the hearing or to hire an attorney to represent him (see Compl. ¶¶ 86-88, 113-14, 118).  By the instant motion, plaintiff seeks an order restraining the State Bar from conducting the disciplinary hearing, which is scheduled to begin October 30, 2012.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  See Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).  A party is entitled to a preliminary injunction only if such party demonstrates that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  See id. at 20.[1]

Here, as discussed below, plaintiff has failed to show a likelihood of success on the merits of his claims, and, consequently, has failed to show his entitlement to a restraining order.  See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (holding "injunction should not issue" where moving party "shows no chance of success on the merits").

The Ninth Circuit has held that generally a federal district court "must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," including "disciplinary proceedings" pending before the State Bar.  See Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995).  In particular, "[a]bsent extraordinary circumstances, abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate

---

[1] A motion for a temporary restraining order and a motion for a preliminary injunction are subject to the same requirements.  See New Motor Vehicle Board v. Orrin W. Fox Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

federal claims." See id. (internal quotation and citation omitted).  Here, each of the three enumerated prerequisites for abstention is satisfied.  First, plaintiff concedes the State Bar's disciplinary proceeding is ongoing.  Second, "California's attorney disciplinary proceedings implicate important state interests."  See id.  Third, an attorney subject to disciplinary proceedings before the Bar Court may raise "federal constitutional claims" upon "judicial review of the Bar Court's decision."  See id.

Although plaintiff argues that "extraordinary circumstances" exist, reiterating his claim that his federal rights will be violated during the course of the Bar Court proceedings, such argument is unavailing.  As explained in Hirsh if plaintiff is subjected to an adverse decision by the Bar Court, plaintiff can raise his federal claims by seeking "judicial review of the Bar Court's decision."  See id.

Accordingly, plaintiff's motion for a temporary restraining order is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  October 16, 2012

_____
MAXINE M. CHESNEY
United States District Judge