STARR BABCOCK (SB No. 63473)
LAWRENCE C. YEE (SB No. 84208)
SUSAN PHAN (SB No. 241637)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2000
Fax: (415) 538-2321
E-mail: susan.phan@calbar.ca.gov

Attorneys for Defendants the State Bar of California, the Board of Trustees of the State Bar of California, the State Bar Court of the State Bar of California, the Office of the Chief Trial Counsel of the State Bar of California, Joann M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy, Richard A. Honn, Richard A. Platel, Donald F. Miles, Jayne Kim, Joseph R. Carlucci, Charles A. Murray, and William Todd,

**Exempt from Filing Fees Pursuant to Government Code Section 6103**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY A. DICKSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, ET AL.,<br><br>Defendant. | Case No. C 12-4676 MMC<br><br>**STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 18, 2013<br>Time: 9:00 a.m.<br>Courtroom 7<br>Judge: Maxine M. Chesney |

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on January 18, 2013, at 9:00 a.m. in the Courtroom of the Hon. Maxine M. Chesney, Courtroom 7, at 450 Golden Gate Ave., San Francisco, CA 94102, counsel for the State Bar of California, the Board of Trustees, State Bar Court, Office of the Chief Trial Counsel, State Bar Court Judges Joann M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy, Richard A. Honn, Richard A. Platel, and Donald F. Miles; Chief Trial Counsel Jayne Kim; and Deputy Trial Counsels Joseph R. Carlucci, Charles A. Murray, and William Todd (collectively "the State Bar Defendants") will move the Court for an Order Under Federal Rules of Civil Procedure 12(b)(1) to dismiss Plaintiff's Complaint as to all claims against the State Bar Defendants.

The State Bar Defendants will move to dismiss the Complaint on the following specific grounds:

1. Plaintiff's claims for relief expressly seek to interfere with the State Bar's ongoing discipline proceedings, and as such, are barred by the doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971); and

2. The Eleventh Amendment jurisdictionally bars any and all of Plaintiff's claims for relief against the State Bar of California, the Board of Trustees, State Bar Court and the Office of the Chief Trial Counsel.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings in this action, and any other documents that are now on file or that may be on file in this action at the time of the hearing; and such further evidence and arguments as may be presented at the time of the hearing.

Dated: November 13, 2012 Respectfully submitted,

STARR BABCOCK
LAWRENCE C. YEE
SUSAN PHAN

By s/ Susan Phan
SUSAN PHAN

Attorneys for the STATE BAR DEFENDANTS

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. The State Bar Defendants ........ 1

B. Plaintiff's Current State Bar Disciplinary Proceedings ........ 2

C. Plaintiff's Action Before this Court ........ 4

III. ARGUMENT ........ 5

A. Plaintiff's Claims are Barred by *Younger* Abstention ........ 5

1. The State Bar Court Proceedings Against Dickstein are Ongoing ........ 5

2. The State Bar's Actions Against Dickstein Implicate Important State Interest ........ 6

3 Dickstein Cannot Meet his Burden of Proving that he is Barred from Litigating Federal Constitutional Issues in State Court. ........ 6

6

4. This Lawsuit Would Enjoin the State Bar Court Proceedings or Have the Practical Effect of Doing So ........ 7

B. Plaintiff's Claims are Barred Under the Eleventh Amendment ........ 7

IV. CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Pages**

## Cases

*In re Att'y Discipline Sys.*,
19 Cal.4th 582 (1998) ....................2

*Beltran v. State of Cal.*,
871 F.2d 777 (9th Cir. 1988) ....................5

*Dubinka v. Judges of Superior Court of State of Cal. for the County of L.A.*,
23 F.3d 218 (9th Cir. 1994) ....................5-6

*Hirsh v. Justices of the Supreme Court of the State of California*,
67 F.3d 708 (9th Cir. 1995) ....................5, 7, 8

*Huffman v. Pursue, Ltd.*,
420 U.S. 592 (1975) ....................6

*Kay v. State Bar of California*,
No. C 09-1135 PJH, 2009 WL 1456433, *2 (N.D. Cal. May 21, 2009) ....................8

*Khanna v. State Bar of Cal.*,
308 Fed. Appx. 176, 177 (9th Cir. 2009) *cert. denied*, 130 S. Ct. 152,
175 L. Ed.2d 37 (U.S. 2009) ....................8

*Lupert v. Cal. State Bar*,
761 F.2d 1325 (9th Cir. 1985) ....................8

*Middlesex County Ethics Comm. V. Garden State Bar Ass'n*,
457 U.S. 423 (1982) ....................5, 6

*Moore v. Sims*,
442 U.S. 415 (1979) ....................5

*In re Paguirigan*,
25 Cal.4th 1 (2001) ....................3

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) ....................7

*Penzoil Co. v. Texaco, Inc.*,
481 U.S. 1 (1987) ....................6, 7

*In re Rose*,
22 Cal.4th 430 (2000) ....................1, 2, 8

*Rosenthal v. Justices of Supreme Court of State of Cal.*,
910 F.2d 561 (9th Cir. 1990) ....................2, 8

*San Jose Silicon Valley Chamber of Commerce Political Action Comm.*,
546 F.3d 1087 (9th Cir. 2008) ....................5

*Stein v. Harris*,
No. 12-985, 2012 WL 3202959 at 7-8 (N.D. Cal. Aug. 3, 2012) ....................5

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Younger v. Harris*,
401 U.S. 37 (1971) ..................................... 5, 6, 7

## State Constitution

California Constitution
Article VI, Section 9 ..................................... 1, 8

## Rules

California Rules of Court
Rule 9.10 ..................................... 2, 3
Rule 9.10(a) ..................................... 3
Rule 9.12 ..................................... 2
Rule 9.13(a) ..................................... 7

Rules of Procedure of the State Bar of California
Rule 5.80 ..................................... 6
Rule 5.81 ..................................... 4, 6
Rule 5.82 ..................................... 4, 7
Rule 5.83 ..................................... 4
Rule 5.85 ..................................... 4
Rule 5.150 ..................................... 4
Rule 5.151 ..................................... 2
Rule 5.341 ..................................... 2, 3
Rule 5.345 ..................................... 3

## Statutes

United States Code
Title 18, Section 401(3) ..................................... 2

California Business and Professions Code
Section 6001 ..................................... 1, 8
Rule 6007(e) ..................................... 6
Section 6010 ..................................... 2, 8
Section 6079.5 ..................................... 2, 8
Section 6086.5 ..................................... 2, 8
Section 6101 ..................................... 3, 4
Section 6102 ..................................... 3, 4

## I. INTRODUCTION

Plaintiff Jeffrey A. Dickstein has brought this suit alleging civil rights violations in connection with his ongoing State Bar disciplinary proceeding which commenced in April 2011. He has brought this action against the State Bar of California, the Board of Trustees, State Bar Court, the Office of the Chief Trial Counsel of the State Bar of California, State Bar Court Judges Joann M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy, Richard A. Honn, Richard A. Platel, and Donald F. Miles; Chief Trial Counsel Jayne Kim; and Deputy Trial Counsels Joseph R. Carlucci, Charles A. Murray, and William Todd (collectively "State Bar Defendants") in an effort to enjoin the State Bar proceedings. Federal courts, however, do not entertain cases brought to halt attorney disciplinary proceedings.

As this Court has already recognized in connection with Plaintiff's motion for a temporary restraining order, *Younger* abstention requires this Court to refrain from assuming jurisdiction over this suit because granting any relief sought by Plaintiff would require this Court to enjoin an ongoing State proceeding and impermissibly interfere with important state interests. Further, the Eleventh Amendment immunizes the State Bar Defendants from suit in federal court without their consent. Although there are numerous other defects in the complaint before the Court, these two alone suffice to compel dismissal of this action. Accordingly, the State Bar Defendants request that this Court dismiss the claims against them.

## II. BACKGROUND

### A. The State Bar Defendants

Plaintiff has sued The State Bar of California ("State Bar") and various departments of that entity. The State Bar is a constitutional entity, established by Article VI, section 9 of the California Constitution , and expressly acknowledged as a California judicial branch agency and an integral part of the judicial function. *See* Cal. Const., Art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re Rose,* 22 Cal.4th 430, 438 (2000). It was created as an administrative arm of the California Supreme Court for the purpose of assisting in matters of admission and discipline of attorneys. Although the State Bar conducts its disciplinary proceedings under statutory authority, the California Supreme Court retains inherent power to control all matters related to attorney

discipline. *In re Att'y Discipline Sys.*, 19 Cal.4th 582, 598-599 (1998); *Rosenthal v. Justices of Supreme Court of State of Cal.*, 910 F.2d 561, 566 (9th Cir. 1990).

The Board of Trustees is the State Bar's governing body. Cal. Bus. & Prof. Code § 6010. The State Bar Court is the adjudicative arm of the State Bar in disciplinary matters. Cal. Bus. & Prof. Code § 6086.5; Cal. Rules of Ct., rule 9.10; *In re Rose,* 22 Cal.4th at 439; *In re Att'y Discipline Sys.*, 19 Cal.4th at 600-01. The State Bar Court includes a Hearing Department, which conducts formal trial proceedings, and a Review Department, which functions as an appellate body in independently reviewing de novo the recommendations of the Hearing Department. Cal. Rules of Ct., rule 9.12; State Bar Rules of Procedure, rule 5.151 *et seq*. The result of these disciplinary matters is a recommendation to the California Supreme Court, which itself independently determines whether the attorney should be disciplined as recommended. *In re Rose,* 22 Cal.4th at 439. The Office of the Chief Trial Counsel ("OCTC") is the prosecutorial arm of the State Bar. Cal. Bus. & Prof. Code § 6079.5.

Plaintiffs have also sued 12 people who work for the State Bar, purportedly in their individual and official capacities. Defendants Joann M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy, Richard A. Honn, Richard A. Platel and Donald Miles are State Bar Court Judges. Jayne Kim is the Chief Trial Counsel. Joseph R. Carlucci, Charles A. Murray, and William Todd are attorneys within OCTC.

**B. Plaintiff's Current State Bar Disciplinary Proceedings**

On October 25, 2010, after a one-day bench trial, Plaintiff Dickstein was convicted of criminal contempt pursuant to 18 U.S.C. §401(3) and sentenced to 90 days in custody for failing to follow a federal district court's order obligating him to represent his clients in a criminal matter through the appellate stage of the case regardless of any fee disputes or arrangements. Request for Judicial Notice in Supp. of State Bar Defs. Mot. to Dismiss ("RJN"), Ex.A. at 9. On April 22, 2011, the State Bar of California's Office of the Chief Trial Counsel filed a transmittal of the certified record of conviction with the Review Department of the State Bar Court pursuant to State Bar Rules of Procedure, rule 5.341 in order to initiate disciplinary proceedings based on his

criminal contempt conviction ("conviction proceedings").[1] The transmittal indicated that criminal contempt "may or may not involve moral turpitude or other misconduct warranting discipline." RJN, Ex. B. At that time, Plaintiff's conviction was not final. Under rule 5.341 and 5.345, the Review Department cannot refer conviction proceedings to the Hearing Department for discipline until OCTC files sufficient proof that the conviction is final. On August 9, 2011, the Eleventh Circuit affirmed Plaintiff's conviction. RJN, Ex. C. The Eleventh Circuit denied Plaintiff's petition for rehearing and judgment was entered on October 27, 2011. RJN, Ex. D. On December 9, 2011, OCTC filed a supplemental record of conviction verifying the finality of Plaintiff's contempt conviction. Following OCTC's supplemental filing, on January 17, 2012, the Review Department referred the matter to the Hearing Department to commence for disciplinary proceedings.

On April 30, 2012, Plaintiff appeared telephonically at a status conference at State Bar Court. RJN, Ex. E. The State Bar Court set Dickstein's disciplinary trial for August 15 and 16, to determine whether the facts and circumstances surrounding his conviction involved either moral turpitude or other misconduct warranting discipline. *Id.* Following a status conference on May 30, 2012, Plaintiff began filing numerous motions seeking termination of the disciplinary proceedings, challenging the jurisdiction of the State Bar Court as well as seeking to quash a subpoena for his personal appearance at his disciplinary trial. RJN, Ex. F. On August 28, 2012, the State Bar Court denied all of Plaintiff's motions and continued the trial to October 30, 2012.[2] RJN, Ex. G. Plaintiff subsequently did not appear at his disciplinary trial. RJN, Ex. H. Because

---

[1] "Conviction proceedings" are disciplinary proceedings provided under California Business and Professions Code sections 6101 and 6102 after notice to the State Bar of the criminal conviction of any California lawyer. Under California Rule of Court, rule 9.10(a), the California Supreme Court has directed that the State Bar Court "exercises statutory powers under Business and Professions Code section 6101 and 6102 with respect to discipline of attorneys convicted of crimes." The Supreme Court, however, has not delegated its inherent authority over discipline to the State Bar Court. *See In Re Paguirigan*, 25 Cal.4th 1, 8-9 (2001) (discussing former Cal. R. Ct 951(a) now renumbered as Rule 9.10(a)).

[2] Plaintiff's allegations in State Bar Court are similar to the allegations presented before this Court.

Plaintiff failed to appear, State Bar Court entered the entry of Plaintiff's default on October 31, 2012. *Id.;* Rules of Proc. of State Bar, rule 5.81. The effects of a default are that the facts of misconduct warranting discipline that are alleged in the notice of disciplinary charges are deemed admitted. Rules of Proc. of State Bar, rule 5.82.[3]

**C. Plaintiff's Action Before this Court**

After the State Bar Court denied his various motions, including his motions to terminate the disciplinary proceedings against him on August 28, 2012, Plaintiff filed suit in this Court. Plaintiff alleges that the State Bar Defendants 1) violated his First Amendment rights (a) by requiring him to pay State Bar dues and (b) by instituted disciplinary proceedings against him despite his purported resignation and 2) violated his equal protection and due process rights (a) by initiating disciplinary proceedings under California Business and Professions Code sections 6101 and 6102 after the contempt of court proceedings in the U.S. District Court for the Northern District of Florida became final and (b) by not providing him with airfare and travel accommodations to appear in his disciplinary proceedings.

On October 15, 2012, Plaintiff filed an ex parte Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction. Dkt 17. The next day, without a

[3] Under the State Bar's procedures, a member may move to set aside the default within 90 days of its service. Ninety-one days after the default has been served, the Office of the Chief Trial Counsel must then file a petition requesting the State Bar Court to recommend the member's disbarment. Rules of Proc. of State Bar, rule 5.85. Within 20 days after service of Office of the Chief Trial Counsel's petition, the member has the opportunity to file a motion to set aside or vacate the default. *Id.* If the member fails to file a response or State Bar Court denies the motion to set aside or vacate the default, the State Bar Court may recommend the member's disbarment provided that evidence shows the member was properly notified of the default and the admitted factual allegation or other evidence supports a finding that the member engaged in misconduct warranting discipline. *Id.* If the evidence does not support any of the factors, OCTC's petition requesting disbarment must be denied, the default order must be vacated, and State Bar Court must promptly resolve the matter. However, if there is sufficient evidence to support the petition, and the State Bar Court issues an order recommending disbarment, Plaintiff can seek review of that recommendation in the Review Department of the State Bar Court. Rules of Proc. of State Bar, rule 5.150. If the Review Department affirms the Hearing Department's decision, the recommendation of disbarment is then transmitted to the California Supreme Court for its independent review and approval. Rules of Proc. of State Bar, rule 5.83.

hearing, this Court denied Plaintiff's request for a TRO. In assessing the likelihood of success on the merits, this Court recognized that well established abstention law prohibited this Court from interfering with the State Bar Court proceedings as Plaintiff requests. Subsequent to this Court's denial of Plaintiff's TRO, the State Bar Defendants were served with the Complaint.

## III. ARGUMENT

### A. Plaintiff's Claims are Barred by *Younger* Abstention

This Court should dismiss all claims against the State Bar defendants on *Younger v. Harris,* 401 U.S. 37 (1971), abstention grounds. As this Court recognized in denying Plaintiff's request for a temporary restraining order, the Ninth Circuit has held that federal district courts "must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," including "disciplinary proceedings" pending before the State Bar. *Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708, 712 (9th Cir. 1995); Dkt 22 at p. 2. Absent "extraordinary circumstances," a district court "must abstain under *Younger* if four requirements are met: (1) state-initiate proceeding is ongoing; (2) the proceedings implicates important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." *San Jose Silicon Valley Chamber of Commerce Political Action Comm.,* 546 F.3d 1087, 1092 (9th Cir. 2008). Abstention applies even when a plaintiff challenges the state proceedings as unconstitutional. *See Moore v. Sims,* 442 U.S. 415, 424 (1979); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435-36 (1982); *Hirsh,* 67 F.3d at 712; *Stein v. Harris* No. 12-985, 2012 WL 3202959 at 7-8 (N.D. Cal. Aug. 3, 2012). Just as this Court found that Plaintiff's success on the merits is unlikely when it denied Plaintiff's request for a TRO based on abstention, the same basis for *Younger* abstention continues to apply to the State Bar Defendant's motion to dismiss.

#### 1. The State Bar Court Proceedings Against Dickstein are Ongoing

State Bar Court proceedings are "ongoing" if the proceedings are pending at the time the federal action was filed or if the appeal rights of a party has not been exhausted in state court. *Beltran v. State of Cal.,* 871 F.2d 777, 782 (9th Cir. 1988); *Dubinka v. Judges of Superior Court*

*of State of Cal. for the County of L.A.*, 23 F.3d 218, 223 (9th Cir. 1994) citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975) ("[T]he Supreme Court has held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding in which a losing litigant has not exhausted his state appellate remedies.") Plaintiff's disciplinary proceedings are ongoing for abstention purposes. As this Court noted, and as the Plaintiff concedes, Plaintiff's disciplinary proceedings in State Bar Court are ongoing during the time he filed his complaint in this Court.

Because Plaintiff did not appear for his trial, the State Bar Court entered on October 31, 2012 a default judgment against Plaintiff pursuant to State Bar Rules of Procedure, rules 5.80 and 5.81, and transferred him to inactive status pursuant to § 6007(e). Should Plaintiff believe that default was incorrectly entered or the effect of the default judgment was inappropriate, he has the opportunity to challenge the decision in State Bar Court and ultimately in the California Supreme Court. Plaintiff's lawsuit in this Court is merely an attempted end run around available State Bar Court procedures. Accordingly, the first requirement of *Younger* abstention is met.

**2. The State Bar's Actions Against Dickstein Implicate Important State Interests**

It is also well settled that the State Bar proceedings, such as the case against Plaintiff, implicate important state interests. In *Middlesex,* the Supreme Court expressly noted that states have "an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex,* 457 U.S. at 434. And as this Court previously found in its denial of Dickstein's TRO, "California's attorney disciplinary proceedings implicate important state interests." Plaintiff's federal complaint is an improper collateral attack on the disciplinary proceedings that insure that California attorneys are following the decorum of the courts and maintaining the ethical standards mandated by the California Rules of Professional Conduct.

**3. Dickstein Cannot Meet his Burden of Proving that he is Barred From Litigating Federal Constitutional Issues in State Court**

"[A] federal court should assume that state procedures will afford an adequate remedy [for constitutional issues that arise], in the absence of unambiguous authority to the contrary." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). "Minimal respect for the state processes, of course, precludes any *presumption* that the state court will not safeguard federal constitutional rights."

*Middlesex,* 457 U.S. at 431. The burden rests on Dickstein to show that state procedural law will bar his claims. *Penzoil Co.,* 481 U.S. at 14. Plaintiff cannot meet this burden. At every stage of his "conviction proceedings", Dickstein had an opportunity to be heard. In fact, Dickstein filed numerous oppositions to the disciplinary proceedings and presented his arguments to the State Bar Court. Further, following the State Bar Court's entry of default against Plaintiff, Plaintiff will have another opportunity to be heard should he seek to set aside the State Bar Court's judgment. *See* State Bar Rules of Procedure, rule 5.82. In the event that State Bar Court makes a recommendation to the California Supreme Court for disbarment or suspension, Petitioner will have another opportunity to raise any "federal constitutional claims" upon the California Supreme Court's "judicial review of the Bar Court's decision." Case No. 12-4676 (dkt. 22) citing *Hirsh*, 67 F.3d at 712; *see also,* California Rules of Court, rule 9.13(a).

**4. This Lawsuit Would Enjoin the State Bar Court Proceedings or Have the Practical Effect of Doing So**

The final *Younger* requirement, that this federal suit would interfere with the ongoing State Court proceedings is clearly satisfied here. Plaintiff seeks, among other things, an order requiring the "dismissal of the conviction proceedings" and to enjoin the State Bar Defendants from moving forward in the State Bar proceedings. Compl. ¶¶ 83 and 93. Such a relief sought in this case would interfere with the pending State Bar disciplinary proceedings. Indeed, this case is nothing more than an attempted end-run around the State Bar proceedings. Therefore, *Younger* abstention requires the dismissal of these claims.

**B. Plaintiff's Claims are Barred Under the Eleventh Amendment**

To the extent Plaintiff is suing the State Bar and departments alleging that their actions violated the Constitution, such claims should also be dismissed on Eleventh Amendment Grounds because the State Bar has not given its consent to this suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)(The Eleventh Amendment bars actions against states in federal court without their consent.)

As discussed above, The State Bar of California, which includes the State Bar Board of Trustees, the State Bar Court and the Office of the Chief Trial Counsel, is a constitutionally and

statutorily created entity of the state judiciary, and expressly acknowledged as an integral part of the judicial function. *See* Cal. Const. art. VI, § 9; Cal. Bus. & Prof. Code §§ 6001, 6010, 6086.5, 6079.5; *In re Rose*, 22 Cal.4th at 438; *see also Rosenthal,* 910 F.2d at 566-67. As a matter of settled Ninth Circuit law, the State Bar of California is an "arm of the state" for purposes of Eleventh Amendment immunity and thus immune from suit in this Court. *Hirsh*, 67 F.3d at 715; *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985); *see also Khanna v. State Bar of Cal.*, 308 Fed. Appx. 176, 177 (9th Cir. 2009) *cert. denied,* 130 S. Ct. 152, 175 L. Ed. 2d 37 (U.S. 2009); *Kay v. State Bar of California*, No. C 09-1135 PJH, 2009 WL 1456433, *2 (N.D. Cal. May 21, 2009).

## IV. CONCLUSION

For all the foregoing reasons, the State Bar Defendants respectfully request that this Court dismiss Plaintiff's complaint.

Dated: November 13, 2012

Respectfully submitted,

STARR BABCOCK
LAWRENCE C. YEE
SUSAN PHAN

By s/ Susan Phan
SUSAN PHAN

Attorneys for the STATE BAR DEFENDANTS

## PROOF OF SERVICE

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On November 13, 2012, I served copies of **STATE BAR DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**: on the party listed below:

Jeffrey A. Dickstein
jadlaw47@cox.net

☐ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United State mail at San Francisco, California.

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine to the facsimile number listed above.

☒ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

☐ **By UPS** or overnight courier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on November 13, 2012.

/s/ Joan Sundt
JOAN SUNDT