IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY A. DICKSTEIN,

    Plaintiff,

v.

STATE BAR OF CALIFORNIA, et al.,

    Defendants.

No. C-12-4676 MMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING HEARING**

Before the Court are two motions to dismiss plaintiff Jeffrey A. Dickstein's ("Dickstein") complaint: (1) the State Bar Defendants' motion,[1] filed November 13, 2012; and (2) the Non-State Bar Defendants' motion,[2] filed November 20, 2012. Dickstein has filed one opposition brief responding to both motions, which opposition he supplemented on December 8, 2012; the State Bar Defendants and the Non-State Bar Defendants have separately replied. Having read and considered the papers filed in support of and in

---

[1] The State Bar Defendants are the State Bar of California ("State Bar"), the State Bar Court of the State Bar of California ("Bar Court"), the Board of Trustees of the State Bar of California, the Office of the Chief Trial Counsel of the State Bar of California, Joann M. Remke, Judith A. Epstein, Catherine D. Purcell, Lucy Armendariz, Patrice E. McElroy, Richard A. Honn, Richard A. Platel, Donald F. Miles, Jayne Kim, Joseph R. Carlucci, Charles A. Murray, and William Todd.

[2] The Non-State Bar Defendants are the California Supreme Court, Chief Justice Tani Gorre Cantil-Sakauye, Justice Joyce L. Kennard, Justice Marvin R. Baxter, Justice Kathryn M. Werdegar, Justice Ming W. Chin, Justice Carol A. Corrigan, and Justice Goodwin Liu.

United States District Court
For the Northern District of California

opposition to the motions, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 18, 2013, and rules as follows.

In his complaint, Dickstein alleges that defendants, which consist of the State Bar, the Bar Court, officials and employees of each of said entities, as well as the California Supreme Court and the justices thereof, have violated and will violate Dickstein's federal rights. Specifically, Dickstein alleges, defendants (1) have violated his First Amendment rights by requiring him to pay dues to the State Bar and instituting disciplinary proceedings against him even though he has resigned from the State Bar (see Compl. ¶¶ 21, 29-30, 91, 98), (2) have violated his equal protection and due process rights by taking the position that the State Bar has statutory and jurisdictional authority to determine whether he has engaged in "other misconduct warranting discipline" (see Compl. ¶¶ 84-85, 103, 109), and, (3) if they subject him to a Rule of Procedure of the State Bar allowing a judge to enter an attorney's default if he fails to appear at a noticed disciplinary hearing, will violate his equal protection and due process rights because, Dickstein asserts, he lack funds to travel to the hearing or to hire an attorney to represent him (see Compl. ¶¶ 86-88, 113-14, 118).[3]

In their respective motions, the State Bar Defendants and the Non-State Bar Defendants argue the complaint is subject to dismissal on abstention grounds.

The Ninth Circuit has held that a federal district court ordinarily "must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," including "disciplinary proceedings" pending before the State Bar. See Hirsh v. Justices of the Supreme Court of the State of California, 67 F.3d 708, 712 (9th Cir. 1995); see also Rosenthal v. Carr, 614 F.2d 1219, 1220 (9th Cir. 1980) (finding "abstention doctrine generally precludes federal court interference with pending state attorney disciplinary proceedings"; affirming, on abstention grounds, dismissal of complaint seeking

---

[3]Subsequent to the filing of the complaint, the Bar Court entered Dickstein's default (see State Bar Defs.' Req. for Judicial Notice Ex. H) and thereafter denied Dickstein's motion to set aside the default (see Pl.s' Ex. F).

injunction precluding State Bar from proceeding with disciplinary proceeding against plaintiff until State Bar appointed counsel for plaintiff).

In particular, "[a]bsent extraordinary circumstances, abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." See Hirsh, 67 F.3d at 712 (internal quotation and citation omitted).

Here, each of the three enumerated prerequisites for abstention is satisfied. First, plaintiff concedes the State Bar's disciplinary proceeding is ongoing, and, indeed, in support of his opposition, has offered copies of various orders issued in the course of the disciplinary proceeding. Second, "California's attorney disciplinary proceedings implicate important state interests." See id. Third, an attorney subject to disciplinary proceedings before the Bar Court may raise "federal constitutional claims" upon "judicial review of the Bar Court's decision," which opportunity "satisfies the third requirement" even though the California Supreme Court's review is "wholly discretionary." See id.

Dickstein argues that abstention nonetheless is improper in this instance because, Dickstein asserts, extraordinary circumstances exist.

In support thereof, Dickstein first reiterates his claims that his federal rights have been and will be violated by the Bar Court. Dickstein's argument is unavailing. As explained in Hirsh, Dickstein may raise his federal claims by seeking from the California Supreme Court judicial review of any adverse decision by the Bar Court. See id.

Dickstein next argues that if he files a petition for review, and if the California Supreme Court exercises its discretion to grant such review, they will rule on his petition in an unconstitutional manner. Given that no petition has been filed, let alone ruled upon, Dickstein's argument is based, in essence, on no more than his speculation that the California Supreme Court will not follow the United States Constitution. Such speculation is, as a matter of law, insufficient to identify an "extraordinary circumstance" warranting this Court's intervention into the ongoing disciplinary proceeding. In particular, as the United States Supreme Court has explained, the principles underlying abstention are based on "a

proper respect for state functions," see Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (internal quotation and citation omitted), and that such respect "precludes any presumption that the state courts will not safeguard federal constitutional rights," see id.; see also Confederated Tribes v. Superior Court, 945 F.2d 1138, 1141 (9th Cir. 1991) (noting "[t]he supremacy clause of the Constitution requires state judges to discern and apply federal law where it is controlling"; rejecting argument based on presumption state judges "will not do so unless a federal court tells them to").

In sum, each prerequisite for abstention having been satisfied and Dickstein having failed to identify any cognizable extraordinary circumstances, the Court will decline to exercise jurisdiction over Dickstein's claims.

Accordingly, defendants' motions to dismiss are hereby GRANTED, and the complaint is hereby DISMISSED without leave to amend and without prejudice to Dickstein's raising his federal claims before the California Supreme Court in a petition for review of any adverse decision by the Bar Court.

**IT IS SO ORDERED.**

Dated: December 14, 2012

MAXINE M. CHESNEY
United States District Judge